This appeal is from the refusal of mandamus.
On November 24, 1975, Joseph E. Broughton applied to the Alabama Alcoholic Beverage Control Board (hereinafter referred to as the ABC Board) for a retail license to sell beer for consumption off the premises of his establishment. After a hearing on March 17, 1976, at which Broughton and his *Page 1060 
attorney were present and had an opportunity to call witnesses in their favor and to cross-examine adverse witnesses, the ABC Board denied a license. On March 31 Broughton petitioned the circuit court of Baldwin County for writ of mandamus to compel issuance of the license. The Board moved for change of venue to Montgomery County, the official residence of the ABC Board and its constituent members. Transfer to Montgomery County Circuit Court was effected. After briefs were submitted by counsel, on August 3 the court found the ABC Board had acted properly and within the scope of its authority, that its decision demonstrated no bad faith, and that there was sufficient testimony to refuse issuance; therefore it denied relief to Broughton.
Material evidence presented to the Board was as follows: Broughton operates a self-service gasoline station at the intersection of Highways 225 and 138 in Baldwin County. This enterprise is not located in the corporate limits of any municipality. In a portion of the station Broughton operates a convenience store. All the evidence before the ABC Board indicated Broughton was a reputable member of the community, was over 21 years of age and had never been convicted of a felony or misdemeanor. A grammar school is situated directly across the street 150 to 171 feet north of the station; a grocery store which does not sell beer is to the east; Broughton's residence is to the west; and the church of which Broughton is a member is 500 feet away disagonally across the intersection. The ABC Board had denied Broughton a license once before. Noting specifically the close proximity of the elementary school to the station, the ABC Board based its decision on
 "grounds of public policy and general police powers in that the granting of a license at this location would not be in the best interest of the community, based on complaints of citizens in the immediate proximity of the applicant's place of business."
The issue raised by Broughton on appeal is whether the trial court erred in refusing mandamus. He contends he fully complied with all statutory requirements for issuance of a beer license in that he is a reputable individual and thus was entitled to the license as a matter of right. He further contends the ABC Board abused its discretion in failing to issue the license.
The ABC Board is empowered to issue beer licenses by Tit. 29, § 5, Code of Alabama (1940) (Recomp. 1958) (Supp. 1973). Tit. 29, § 28, as relevant, states: "Licenses shall be granted by the board only to reputable individuals. . . ." Broughton contends since all the testimony was that he was a reputable individual, he has met all the requirements of § 28 and is entitled to a license as a matter of right.
Tit. 29, § 2 (a) states:
 "This chapter shall be deemed an exercise of the police power of the state of Alabama for the protection of the public welfare, health, peace and morals of the people of the state, and to prohibit forever the open saloon; and all of the provisions of this chapter shall be liberally construed for the accomplishment of this purpose."
Notwithstanding the absence of restrictions in a statute or ordinance, licensing authorities have as a general rule been permitted to deny licenses where the proposed location is improper by reason of the location and its surroundings. 48 C.J.S. Intoxicating Liquors § 136; 45 Am.Jur.2d IntoxicatingLiquors, § 138. Alabama prohibits a state liquor store from locating within one mile of an eleemosynary institution unless it is within 400 feet of the courthouse. Tit. 29, § 73.
The ABC Board has a wide discretion in granting or refusing an original license but this discretion is not unbridled, and the board must assign a reason for its action. State ex rel.Krasner v. Alabama Alcoholic Beverage Control Board, 246 Ala. 198, 19 So.2d 841 (1944); Reams v. State ex rel. Clokey,45 Ala. App. 614, 234 So.2d 893 (1970).
We find no cases strictly on point, but we believe those cases upholding the municipal *Page 1061 
ordinances or statutes indicate a similar restriction by the ABC Board in an area outside a municipality would be reasonable under the circumstances of each case. See, e.g., USA Oil Corp.v. City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974) (within three city blocks of church and school); Capps v. Bozeman,272 Ala. 249, 130 So.2d 376 (1961) (within 1000 feet of church);State ex rel. Cummings v. Stiles, 121 Ala. 363, 25 So. 1015
(1899) (within 3 miles of school); Love v. Porter, 93 Ala. 384,9 So. 585 (1891) (within 3 miles of school); Carlisle v. State,91 Ala. 1, 8 So. 386 (1890) (within 3 miles of Methodist and Baptist churches); Dorman v. State, 34 Ala. 216 (1859) (within 5 miles of university); Annot., 49 A.L.R.2d 1103 (schools); Annot., 59 A.L.R.2d 1439 (churches). In State ex rel. Woodruffv. Centanne, 265 Ala. 35, 89 So.2d 570 (1956), a license was held to have been improperly denied since the location was over 580 feet from the school building and the ordinance barred establishments only within 500 feet.
We do not find any abuse of discretion by the ABC Board in denying this license because of the proximity of the school and church.
A license to engage in the sale of intoxicants is merely a privilege with no element of property right or vested interest of any kind. Ott v. Moody, 283 Ala. 288, 216 So.2d 177 (1968);Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234 (1963);Paulson's Steerhead Restaurant, Inc. v. Morgan, 273 Ala. 235,139 So.2d 330 (1962). Selection of the beneficiaries of a mere privilege may be committed to the discretion of the body created for that purpose. State ex rel. Crumpton v. Montgomery,177 Ala. 212, 59 So. 294 (1912).
We find no abuse of discretion in the denial of license to Broughton.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.