This is an appeal from an order dismissing that aspect of the action of James Ott, Wayne Johnson, and Charles L. Rogers, seeking money damages from Kenneth Everett as Mayor, and Matt Bullard, S.A. Cherry, John H. Glanton, Jr., and Raimon G. Thomas, as members of the Board of Commissioners of the City of Dothan, a municipal corporation. There remains pending that aspect of the action by which Ott and Johnson seek the writ of mandamus to compel the mayor and commissioners to issue them a lounge retail liquor license. The trial court entered a proper Rule 54 (b), ARCP, order making its order of dismissal an appealable one. We affirm.
Damages are sought upon the basis that refusal to approve the application for the liquor license was arbitrary, capricious, and wrongful. Briefs included that of the Alabama League of Municipalities, as amicus curiae. All the parties agree the case is one of first impression in Alabama.
The facts which form the basis of Rogers's claim for money damages are of no importance to a resolution of the question we will answer in this opinion. The issues for review, which appellees and the amicus agree are correct are:
 "1. Does a complaint alleging that a municipal corporation, through its commissioners, has wrongfully, arbitrarily, and capriciously denied an application for a lounge retail liquor license, and seeking monied damages if the trial court determines such denial to be wrongful, state a claim upon which relief can be granted?
 "2. Are monied damages recoverable from a municipal corporation if the governing body of said municipality wrongfully denies an application for a privilege license, in this case a lounge retail liquor license?"
The contention of Ott and Johnson is that the almost universal basis asserted for the nonliability for damages of the municipality or other governing body for the wrongful failure or refusal to approve an application or to grant a permit or license is that such action is a governmental function as opposed to a corporate or proprietary one. They further contend the distinction has been abolished in Alabama as a viable requirement of an action seeking damages against counties and municipalities. Bradshaw v. Houston County,384 So.2d 1 (Ala. 1980), and the authorities mentioned therein, are cited in support of their contention.
On the other hand, appellees, and the amicus, contend the Alcoholic Beverage Control Licensing Code, found in § 28-3A-1, et seq., Code 1975, is an exercise of the police power of the state for the public welfare, health, peace and morals of the people. Section 28-3A-11 expressly provides that the governing authority of a municipality must give its consent and approval before a retail liquor license can be issued by the ABC Board if the premises sought to be licensed are located within a municipality. Further, that such requirement is within the legislature's authority to regulate traffic in liquors which power is *Page 260 
considerably broader than the state's power to regulate a business not dealing in alcoholic beverages and a public officer exercising a quasi judicial function in granting or refusing to grant a permit or license may not be liable for damages absent a corrupt or malicious motive in the exercise of that function.
We are in agreement with the position taken by appellees and the amicus in this case. Appellants mistakenly fail to discern the distinction between those situations illustrated byBradshaw; Cook v. St. Clair County, 384 So.2d 1 (Ala. 1981), and Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68
(1975), and our cases, and those of other jurisdictions, relating to the exercise of the police powers of the state when regulating liquor traffic, sale, or consumption.
In Jackson, § 11-47-190, Code 1975, was interpreted as the legislature had originally intended when it enacted it. In that case we also recognized "the authority of the legislature to enter the entire field and further recognize[d] its superior position to provide with proper legislation any limitations or protections it deemed necessary."
Section 11-47-190 reads as follows:
 "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty, or unless the said injury or wrong was done or suffered through the neglect, carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable to an action for damages by reason of the unauthorized or wrongful acts or the negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured."
For many years that section of the code was judicially misinterpreted, for the same section was held by this court to limit the liability of municipalities to injury suffered through "neglect, carelessness or unskillfulness." To construe that language to include an action for damages for errors made in quasi judicial decisions would be to expand the words beyond their normal meaning. It does not permit an action to lie against a municipality for malicious prosecution. Neighbors v.City of Birmingham, 384 So.2d 113 (Ala. 1980). Until the legislature chooses to expand the liability of municipalities to include damages for wrongful decision making, this court will continue to limit such liability to only those injuries caused by "neglect, carelessness or unskillfulness."
This court has held that the discretion of a licensing authority is broad regarding issuance or denial of a liquor license. Their discretion, however, is not irreversible if it is shown that the denial of that license is a result of arbitrary action on the part of the licensing authority. SeeBlack v. Pike County Commission, 375 So.2d 255 (Ala. 1979); Innof Oxford, Inc. v. City of Oxford, 366 So.2d 690 (Ala. 1978). However, the question of whether the mayor and the commissioners abused their discretion when refusing to approve the application is a pending matter to be decided by the trial court. That question, even if answered in the affirmative, would only affect the issuance of the license; it would not support a claim for money damages.
We emphasize that regulation of the liquor traffic is subject to the intrinsic police power of the state, a broad and plenary power. See Harrison v. Buckhalt, 364 So.2d 283 (Ala. 1978);Jefferson County v. Braswell, 407 So.2d 115 (Ala. 1981);California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 390
(1972). We think the rule stated *Page 261 
by the Illinois Supreme Court in the case of People ex rel.Schreiner v. Courtney, 380 Ill. 171, 43 N.E.2d 982 (1942), accords with our view of a basic principle apt to this case: "The general rule of liability applying to judges applies alike to all officers exercising quasi judicial powers, and they are exempted from liability for error or mistake of judgment in exercising their duty in the absence of corrupt or malicious motives." The principle was reiterated by the First District Appellate Court of Illinois in Paoli v. Mason, 325 Ill. App. 197, 59 N.E.2d 499
(1945). This rule is no less valid today than it was thirty-seven years ago. See, Tutwiler Drug Co. v. City of Birmingham,418 So.2d 102 (Ala. 1982).
We today hold that neither the City of Dothan, its mayor, nor the members of its Board of Commissioners are liable for damages on account of the exercise of their quasi judicial powers regarding approval or disapproval of an application for a retail liquor license, or the issuance or refusal to issue that license, and are exempt from liability for error or mistake of judgment in the exercise of the duty in that regard absent fraudulent, malicious, or corrupt intent.
 A license to engage in the sale of intoxicants is merely a privilege with no element of property right or vested interest of any kind. [Citations omitted] Selection of the beneficiaries of a mere privilege may be committed to the discretion of the body created for that purpose. State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 59 So. 294 (1912)."
Broughton v. Alabama Alcoholic Beverage Control Board,348 So.2d 1059 (Ala. 1977).
For the reasons assigned, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.