473 So.2d 507 (1985)
Jeff MIMS, Individually, and as Administrator of the Alabama Alcoholic Beverage Control Board, et al.
v.
RUSSELL PETROLEUM CORPORATION, a corporation, d/b/a Kwik Shop.
Civ. 4609.
Court of Civil Appeals of Alabama.
March 27, 1985.
Rehearing Denied May 1, 1985.
Certiorari Denied June 28, 1985.
William H. Filmore of Steagall & Adams, Sp. Asst. Attys. Gen., Daleville and Joe W. Adams of Steagall & Adams, Sp. Asst. Attys. Gen., Ozark, for appellants.
Ellis D. Hanan of Capouano, Wampold & Sansone, Montgomery, for appellee.
Alabama Supreme Court 84-827.
PER CURIAM
This is an appeal from a circuit court order compelling the Alcoholic Beverage Control Board to grant an off-premises beer license at the intersection of Barnett Boulevard and Gilmer Avenue in Tallassee to the Russell Petroleum Corporation. We reverse.
The facts pertinent to this appeal are as follows: Russell Petroleum Corporation, d/b/a Kwik Shop, was denied an off-premises beer license by the City of Tallassee for a vacant building on a small lot adjoining the Tallassee High School and a Tallassee grammar school, at the intersection of Barnett Boulevard and Gilmer Avenue. There is testimony that the vacant building was previously a successful service station *508 that was never issued any license for the sale of intoxicants.
The Russell Corporation applied to the Alcoholic Beverage Control Board (ABC Board) for the off-premises beer license. After extensive hearing of opposition, the license was denied because of the proposed location of the store.
The ABC Board, on rehearing, again denied Russell an off-premises beer license because of the "uniqueness of the particular location in question...." (Emphasis added.)
There is evidence that the proposed convenience store is on a small corner lot at an intersection known as "Five Points," and that this small lot actually adjoins the Tallassee High School, a grammar school, school playgrounds, and a basketball gymnasium on Barnett Boulevard, where there are "kids of all ages."
There is testimony that only an imaginary boundary separates the store from the schools. There is also evidence that the proposed store actually adjoins the Tallassee Girl Scout Hut on Gilmer Avenue, where there are functions for young girls. There is further evidence that directly across Gilmer Avenue from the proposed store is the Tallassee "mini-park," where children of all ages play. Directly across Barnett Boulevard from the proposed store is the First Methodist Church. Diagonally across the intersection from the store is a service station. The service station does not have a retail beer license.[1]
The Montgomery Circuit Court granted a writ of certiorari and ordered the ABC Board to grant the Russell Petroleum Corporation, d/b/a Kwik Shop, an off-premises beer license for the location in question because other licensees in Tallassee were "near churches, schools and busy shopping areas," and because other licensees in Mobile, Jefferson, and other counties were in a "near proximity to schools, churches and heavily traveled business districts," i.e., the denial of the license by the ABC Board was arbitrary and without a rational basis.
The appeal is resolved by a determination of whether the ABC Board's denial of the off-premises beer license to Russell Corporation denied Russell equal protection of the laws.
First, we note that "regulation of the liquor traffic is subject to the intrinsic police power of the state, a broad and plenary power." Ott v. Everett, 420 So.2d 258, 260 (Ala.1982); see also Black v. Pike County Commission, 375 So.2d 255, 257 (Ala.1979). This is because the purpose is to protect the public health, morals, and welfare. Cf. Lawrence v. Gayle, 294 Ala. 91, 96, 312 So.2d 385, 390 (1975). The ABC Board is specifically vested with the authority to grant and deny licenses for the sale of beer for off-premises consumption. See Ala.Code (1975), § 28-3A-17. The ABC Board has a broad discretion in the granting or denial of such licenses. See Broughton v. Alabama Alcoholic Beverage Control Board, 348 So.2d 1059, 1061 (Ala.Civ.App.1977).
A license to sell intoxicants is merely a privilege, not a property right or vested interest. Ott v. Everett, 420 So.2d 258, 261 (Ala.1982) (quoting Broughton v. Alabama Alcoholic Beverage Control Board, 348 So.2d 1059, 1061 (Ala.Civ.App. 1977)). Therefore, the ABC Board, within its broad discretion, may properly deny an off-premises beer license when "the proposed location is improper by reason of the location and its surroundings." Broughton, 348 So.2d at 1060. Put another way, the ABC Board's denial of Russell Corporation's license in this case may not be an abuse of its discretion, i.e., not arbitrary and without a rational basis, because of the uniqueness of this particular proposed location of the store.
It is not disputed that the proposed store is the heart of a circle of schools, playgrounds, church, mini-park, and Girl Scout Hut, all within a residential section.
*509 There is evidence that the "foot traffic" of the children in and around the store's location, where there are no boundaries, is very heavy all the time, day and night, all year long, to get to school, play, ball games, and other youthful activities. The following is found in the testimony:
"They've got to go from there to the ball field and they pass by this area where this thing is going to be, all day long.... Even when school's out, you've got kids in the mini-park, kids on the school campus, kids all over this place. There's never going to be a time when there are not kids there."
The facts of this case, arising in a small rural town, are clearly different from cases relied upon by the Russell Corporation. Each case depends upon its own facts. The distinctions of place and location, small they may be, are the basis for the exercise of the discretion of the board. See Broughton, 348 So.2d at 1060; see also 45 Am.Jur.2d Intoxicating Liquors, § 138 (1969).
We cannot, therefore, say that the Russell Corporation was denied equal protection of the laws by an arbitrary exercise of discretion by the Board. To say that a license must be granted to a particular licensee within a certain number of feet of a school, chruch, or other eleemosynary institution because there are other licensees in the same town, or another town, in a "near proximity," i.e., certain number of feet, of such institution, thwarts the discretion of the ABC Board. Furthermore, and foremost, such a ruling would require this court to review every license application filed with the ABC Board, approximately 12,000 according to the testimony in this case.
Community standards, i.e., opposition to the location of retailers of intoxicants, also have a bearing on each case. Cf. Broughton, 348 So.2dat 1060. There is evidence in the present case that the mayor, city council, school board, other community leaders, and citizens are strongly opposed to this particular location, but would welcome the Russell Corporation's business "in any location but in this location here ...."
We hold that the ABC Board in this case did not deny Russell Corporation equal protection of the laws by arbitrarily denying Russell an off-premises beer license. To hold otherwise would be to substitute our judgment for the judgment of the ABC Board, which has the authority to determine the weight and credibility of the evidence before it. Cf. Templin v. City Commission of the City of Birmingham, 279 Ala. 473, 475, 187 So.2d 230, 232 (1966). We, therefore, reverse the Montgomery Circuit Court's order compelling the ABC Board to grant the license to the Russell Corporation.
This case is due to be reversed and remanded for a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.
BRADLEY, J., dissents.
BRADLEY, Judge (dissenting):
I dissent from the majority opinion reversing the Montgomery County Circuit Court's order compelling the ABC Board to grant Russell Petroleum Corporation an off-premises beer license for a store in Tallassee, Alabama.
I agree with the majority that the ABC Board has wide discretion in deciding whether to grant or refuse an original license; however, this discretion is not unlimited. As authority for its position that the ABC Board did not abuse its discretion, the majority relies mainly on Broughton v. Alabama Alcoholic Beverage Control Board, 348 So.2d 1059 (Ala.Civ.App.), cert. denied, 348 So.2d 1061 (Ala.1977). I do not believe Broughton is apt authority for the present case. In Broughton v. Alabama Alcoholic Beverage Control Board we were not required to address an equal protection argument. Where this type of argument has been addressed, the supreme court has held that, "[t]he essence of the theory of equal protection of the laws is *510 that all similarly situated be treated alike. An individual cannot be subjected to arbitrary exercise of governmental powers." City of Hueytown v. Jiffy Chek Co., 342 So.2d 761 (Ala.1977). Thus, the supreme court held that where the City of Hueytown applied a statute, prohibiting stores located within a mile of schools and eleemosynary institutions from selling alcoholic beverages, to deny petitioner a table wine license, but permitted three other businesses operating within one mile of such institutions to obtain a license, such action was arbitrary and denied petitioner equal protection of the laws. See also, Davis d/b/a Damar's Tea House v. Everett, 443 So.2d 1232 (Ala.1983).
The majority concludes that the ABC Board did not act arbitrarily in denying Russell's application for a license because of the uniqueness of the proposed location of the store. Certainly, every store is uniquely located; no two stores are exactly alike. Russell's store is not exactly like other stores in Tallassee. In our equal protection analysis, however, we are not concerned with identical situations; instead our inquiry is whether persons are similarly situated, and if so, whether they are treated alike.
Russell pointed out in the hearing that the ABC Board has granted licenses to several other businesses in Tallassee which are near schools, churches, and which are located in heavily trafficked areas. The majority of these licensees (approximately five) are less than a mile from Russell's Kwik Shop and are located on Gilmer Avenue. For example, the State Store is located on Barnett Boulevard, one thousand and seventy feet from Tallassee High School and approximately nine hundred feet from Russell's Kwik Shop. Junior Food Mart on Gilmer Avenue is eight hundred and eighty-three feet from Tallassee High School. These stores are also located near a church. Although these stores are not located the exact same distances from a church and school, I believe that they are similarly situated. Similarly situated does not mean identically situated. See 39 Words and Phrases "Similarly Situated" (1953).
If distinctions between similarly situated individuals are to withstand an equal protection analysis, then such distinctions must be reasonable and not arbitrary. Zeigler v. Jackson, 638 F.2d 776 (5th Cir. 1981). The majority states that the purpose of the regulation of liquor traffic is to protect the public health, welfare, and morals. The Board has not shown how granting a license to Russell's store would be contrary to public health, welfare, and morals, whereas granting a license to nearby licensees would not. In my opinion the ABC Board has failed to offer a rational justification for the differential treatment accorded to Russell and the other licensees in Tallassee.
Moreover, Russell introduced evidence of off-premises beer licenses granted to licensees throughout the state who are situated similarly to Russell. A 7-11 store in Mobile, Alabama was granted a license even though the store was across the street from a high school, one and one-half blocks from St. Mary's School, and within one block of St. Mary's Catholic Church. In Highland Home, Alabama a store was granted a license to sell beer off premises. This store is fifty yards from Highland Home High School and is one-tenth of a mile from a church. Many residents protested against the issuance of a license in both of these instances. Russell presented evidence of numerous other similarly situated licensees. The majority dismisses the above evidence, concluding that differing community standards, i.e. local opposition to the location, may justify granting a license in one instance and denying it in another. I question whether such is a sufficient justification, particularly where the ABC Board has granted many licenses before in the face of local opposition. In my opinion the ABC Board acted arbitrarily in granting a license to those licensees above and denying a license to Russell.
The majority observes that children often walk near the proposed location of Russell's store. The Supreme Court of Tennessee, *511 addressing a similar argument, stated that permitting a restaurant to sell beer would not interfere with public health, safety, and morals, notwithstanding that it was necessary for young children to walk on a public sidewalk fronting the restaurant in going to and from school. City of Memphis Alcohol Commission v. Randall Memorial Free Will Baptist Church, Inc., 550 S.W.2d 657 (Tenn.1977). Neither am I convinced that the fact that children walk by or near Russell's store where beer is proposed to be sold will interfere more with the public health, welfare, and morals than those instances where children walk near licensees who sell beer in Mobile and Highland Home. Consequently, I disagree with the majority's conclusion that finding that Russell Corporation was denied equal protection of the laws would thwart the ABC Board's discretion. The ABC Board's discretion is broad, and its actions may be upheld on the basis of any rational explanation.
I agree with the trial court that no rational explanation exists for denying this application. I would, therefore, affirm the order of the trial court.
*512 
NOTES
[1] An illustration, which this court has gleaned from the record, is attached to this opinion and may be helpful in depicting the "uniqueness" of the situation.