EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an off-premises beer license case.
*1274 After hearing evidence on two occasions, the Alcoholic Beverage Control Board (ABC Board or board) denied such a license to Delta Oil (the applicant). That decision was based upon the location of applicant’s store in Fairhope, upon the fact that the board had previously denied a license to the applicant on two prior occasions based upon substantially the same facts as were presented in the instant case, and also upon the nonapproval of the application by the City of Fairhope. The applicant sought a writ of mandamus to be directed to the members of the board by the Circuit Court of Montgomery County and, upon that writ being denied, the applicant duly appealed. We affirm.
The primary issue before us is whether the ABC Board arbitrarily and capriciously denied an off-premises beer license to the applicant because of the location of the applicant’s business so as to violate its constitutional rights of due process and equal protection of the laws.
We have carefully studied the testimony which was presented before the ABC Board in this case. The evidence which is supportive of the board’s action discloses that the applicant’s store in Fairhope is situated directly across a fifty foot wide street from a church. While the evidence is somewhat confusing as to the store’s distance from a public school and playground, it is a reasonable conclusion that they were in close proximity to each other. Some church, city, and school officials, and residents of Fairhope opposed the issuance of the license to the applicant. Other than the above, no issue has been made at any time as to the applicant’s fitness for the license.
The applicant through most able counsel contends that the ABC Board is required to issue a retail beer license by section 28-3A-17, Code 1975, unless the sale of beer at the applicant’s proposed location is prohibited by a valid zoning ordinance or by other ordinance promulgated by the appropriate governing body. No such ordinance here applies. However, that argument of the applicant overlooks section 28-3A-3(b), which grants discretionary powers to the board in acting upon license applications. An off-premises beer license may be properly denied within the broad discretion which is granted to the ABC Board when the proposed location is not fit because of its location and its surroundings. Mims v. Russell Petroleum Corp., 473 So.2d 507 (Ala.Civ.App.1985); Broughton v. Alabama Alcoholic Beverage Control Board, 348 So.2d 1059 (Ala.Civ.App.), cert. denied, 348 So.2d 1061 (Ala.1977).
The board’s decision was upheld by substantial evidence and there was no abuse of its discretion by denying the application for a license at that particular location. Mims v. Russell Petroleum Corp., supra; Broughton v. Alabama Alcoholic Beverage Control Board, supra.
The opinion in the Mims case adequately gives an adverse answer to the earnest constitutional issue as argued by the applicant. Since Mims is such a recent case wherein the Supreme Court of Alabama denied certiorari, we will not burden this opinion by quoting therefrom.
In summary, we determine that the ABC Board did not arbitrarily and capriciously deny an off-premises beer license to the applicant, that the board did not abuse its discretion in failing to grant the license because of the location and surroundings of the particular store building in question, and that the action of the board did not violate the applicant’s constitutional rights. We, therefore, affirm the Montgomery Circuit Court’s order which denied the applicant’s petition for a writ of mandamus.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.