This is an appeal from a circuit court order which granted summary judgment on two counts in favor of the Alcoholic Beverage Control Board (ABC Board) and which also granted a writ of certiorari and ordered the ABC Board to grant a rehearing to an applicant that had earlier been denied an off-premises beer license.
On July 2, 1984, William R. Bennett, d/b/a Danny's Deli, was denied an off-premises beer license by the City of Alabaster. An application was made to the ABC Board on July 21, 1984. After extensive hearing of opposition, the ABC Board also denied the license.
The pertinent letter of denial stated that, although Bennett was an individual of good repute, the license was denied because:
 "[I]t would be detrimental to the area due to the school and children passing by your business. Several residents stated that they felt it would be a safety hazard to the children in this area. The school is directly across Highway 119 approximately 185 feet."
". . .
 "[T]he recommendation of the City of Alabaster [was] to deny this request. . . ."
The record supports the Board's findings.
The package store in question is located approximately 185 feet from a school and in close proximity to at least two churches. There was substantial opposition from citizens in the area. The pastors, concerned parents of children attending the school, church members, the Mayor of Alabaster, the police chief and a police officer all opposed granting the license. There was also some suggestion of a potential traffic hazard at the location in question.
Bennett filed suit in the Circuit Court of Montgomery County against the ABC Board and its members, seeking relief on three counts. The first was styled as a petition for writ of certiorari in which he alleged that the denial was beyond the authority of the ABC Board and thus, arbitrary and capricious. Count two claimed that the denial constituted a denial of his right to equal protection under the law. Count three alleged that he had been denied due process. The ABC Board and its members moved for summary judgment. The trial court granted this motion as to the equal protection and due process claims. However, the trial court also granted the writ of certiorari and ordered the ABC Board to rehear the cause "after it has complied with the rulemaking procedures of the Alabama Administrative Procedure Act." Bennett appeals this granting *Page 921 
of the summary judgment motion; the ABC Board appeals the order of remand. We shall address the latter issue first.
We note that the denial of a liquor license on the basis that the proposed location is improper "by reason of the location and its surroundings" has been upheld as a valid exercise of the ABC Board's discretion. Mims v. Russell Petroleum Corp.,473 So.2d 507 (Ala.Civ.App. 1985); Broughton v. AlabamaAlcoholic Beverage Control Board, 348 So.2d 1059 (Ala.Civ.App. 1977).
Bennett argues, as he did before the trial court, that the Alabama Administrative Procedure Act (AAPA) prohibits the ABC Board from denying an off-premises beer license on the basis of any criteria not established by either a statute or an ABC Board regulation. As there is no ABC Board regulation or statute which allows that an off-premises beer license can be denied because of either community standards or because of an improper location, he argues that these criteria cannot be applied to deny him a license.
Section 41-22-4 (b) of the AAPA provides that
 "No agency rule, order, or decision shall be valid or effective against any person or party nor may it be invoked by the agency for any purpose until it has been made available for public inspection and indexed as required by this section and the agency has given all notices required by section 41-22-5."
This section was intended "to insure the public of fair notice of all agency law, fair notice being one of the essentials of due process." § 41-22-4, Code of Alabama 1975, commentary. However, no section of the AAPA is "meant to alter the substantive rights of any person or agency." § 41-22-2 (c).
The trial court held that, "Policies that provide that under certain circumstances the proximity of an applicant's place of business to a school or the potential for traffic hazards are grounds for denial of a license are `rules.'" We reverse.
It has long been a general principle of administrative law that a distinction must be drawn between the rulemaking and adjudicatory functions of an administrative agency. See, e.g.,United States v. Florida East Coast Ry., 410 U.S. 224,93 S.Ct. 810, 35 L.Ed.2d 223 (1973); Application of Portland GeneralElectric Company, 277 Or. 447, 561 P.2d 154 (1977).
In federal administrative procedure it has been recognized that an administrative agency is not precluded from announcing new principles in an adjudicatory proceeding. NLRB v. BellAerospace Co., 416 U.S. 267, 94 S.Ct. 1757, 40 L.Ed.2d 134
(1974). These adjudicatory or contested case proceedings can and do serve as vehicles for the formulation of agency policies applied and announced therein. NLRB v. Wyman-Gordon Co.,394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). The choice between formal rulemaking and ad hoc litigation is left, in large part, to the informed discretion of the administrative agency. SEC v. Chenery Corp., 332 U.S. 194, 67 S.Ct. 1575,91 L.Ed. 1995 (1947).
The Alabama legislature has expressly adopted the above principles. In § 41-22-3 (9)(d), Code 1975, the legislature recognizes that "determinations, decisions, orders, statements of policy and interpretations . . . are made in contested cases." These determinations, decisions, orders, statements of policy and interpretations are then expressly excluded from the definition of a "rule." See § 41-22-3 (9)(d).
An ABC Board off-premises beer licensing proceeding is a "contested case" under the definition provided in § 41-22-3
(3). Section 41-22-3 (9)(d) gives the Board the power to make determinations, decisions, orders, statements of policy and interpretations in these proceedings; we cannot accept the argument that all licensing criteria and policy must be made through formal rulemaking procedures.
We perceive it not incumbent upon the Board to delineate by rule the boundaries of the discretionary power granted it by the legislature. Forsooth, it would be improper *Page 922 
for it to attempt to do so. It is the facts of each individual case that invoke that discretion. It is the action taken after consideration of the facts, which is subject to review by the courts and then only for the purpose of determining if such exercise of discretion is arbitrary or unjust.
While it is clear that the notice requirement of § 41-22-5
does not apply in a contested case proceeding, § 41-22-4 (a)(4) makes it clear that "all final orders, decisions, and opinions . . . issued after October 1, 1982, except those expressly made confidential or privileged by statute or order of court" must be made "available for public inspection and copying, at cost, and index[ed] by name and subject." There is no exception made for contested case proceedings.
The record does not make clear whether or not the ABC Board has been complying with the public inspection and indexing requirements of § 41-22-4 (a)(4). However, such a determination is not necessary to establish the validity of the criteria used by the ABC Board in denying the license to Bennett. Section41-22-4 (a)(4) explicitly excepts from these requirements those final orders, decisions, and opinions which were issued before October 1, 1982. Improper location and surroundings were upheld as a valid basis for denial long before this date. See, e.g.,Broughton, supra, and cases cited therein. Thus, the application of these policies to the case at bar did not violate § 41-22-4.
Bennett's next contention, however, is that the ABC Board was without authority to deny him a license since he had fully complied with all statutory requirements for issuance of the license, i.e., filled out an application; the statements in the application were true; and he was found to be of good repute.See §§ 28-3A-5 (a), -17, Code 1975. We must reject this contention.
The determination of this issue depends upon the construction of Code sections 28-3A-17 and 28-3A-3 (b). Section 28-3A-17
provides that, "[U]pon applicant's compliance with the provisions of this chapter and the regulations made thereunder, the board shall issue to applicant a retail beer license." On the other hand, § 28-3A-3 (b) grants the board "discretionary powers in acting upon license applications."
Two apparently conflicting statutes should, if possible, be reconciled and interpreted in a way that will allow both a field of operation. Mayberry v. State, 419 So.2d 262
(Ala.Crim.App. 1982); Bell v. Mar-Mill Steel Supply Co.,54 Ala. App. 432, 309 So.2d 471 (1975). In interpreting the statutes, a court must, if possible, avoid a construction which would render the statutes in conflict. Mayberry, supra.
We construe the language "upon applicant's compliance with the provisions of this chapter," used in § 28-3A-17, as an express incorporation by the legislature of the discretionary power which it has bestowed upon the ABC Board in § 28-3A-3
(b).
This very construction was alluded to in our recent decision in Mims, supra, when we stated:
 "First we note that `regulation of the liquor traffic is subject to the intrinsic police power of the state, a broad and plenary power.' Ott v. Everett, 420 So.2d 258, 260 (Ala. 1982); see also Black v. Pike County Commission, 375 So.2d 255, 257 (Ala. 1979). This is because the purpose is to protect the public health, morals, and welfare. Cf. Lawrence v. Gayle, 294 Ala. 91, 96, 312 So.2d 385, 390 (Ala. 1975). The ABC Board is specifically vested with the authority to grant and deny licenses for the sale of beer for off-premises consumption. See Ala. Code (1975), § 28-3A-17. The ABC Board has a broad discretion in the granting or denial of such licenses. See Broughton v. Alabama Alcoholic Beverage Control Board, 348 So.2d 1059, 1061 (Ala.Civ.App. 1977)."
Id. at 508.
Mr. Bennett's next contention is that this denial of his license on the basis of his store's location and surroundings constituted a denial to him of the equal *Page 923 
protection of the law. This very argument was made by the applicant in Mims, supra. We rejected it and stated:
 "A license to sell intoxicants is merely a privilege, not a property right or vested interest. Ott v. Everett, 420 So.2d 258, 261 (Ala. 1982) (quoting Broughton v. Alabama Alcoholic Beverage Control Board, 348 So.2d 1059, 1061 (Ala.Civ.App. 1977)). Therefore, the ABC Board, within its broad discretion, may properly deny an off-premises beer license when `the proposed location is improper by reason of the location and its surroundings.' Broughton, 348 So.2d at 1060. Put another way, the ABC Board's denial of Russell Corporation's license in this case may not be an abuse of discretion, i.e., not arbitrary and without a rational basis, because of the uniqueness of this particular proposed location of the store." Id.
Our decision that the denial of the license did not violate Bennett's right to equal protection of the law obviates the need to discuss any argument that he has been denied substantive due process. See Vernon v. State, 245 Ala. 633,18 So.2d 388 (1944); Juneman Electric, Inc. v. Cross,414 So.2d 108 (Ala.Civ.App. 1982).
As to Mr. Bennett's argument that he has been denied procedural due process, we again note that a license to sell intoxicants is merely a privilege, not a property right or vested interest of any kind. Ott v. Everett, 420 So.2d 258
(Ala. 1982); Mims, supra; Broughton, supra. We cannot say that an applicant for an off-premises beer license must be given any more due process than is required by the AAPA and the Alcoholic Beverage Licensing Code, §§ 28-3A-1 to -26, Code 1975. Our earlier discussion has already established that these codes have been complied with. There has been no argument that Bennett was not afforded those procedural niceties required by the AAPA in a contested case proceeding. See § 41-22-12, Code 1975.
In light of the foregoing, we are of the opinion that the trial court's grant of summary judgment in favor of the ABC Board and its members on the equal protection and due process claims was correct and must be affirmed. However, the decision that the ABC Board must rehear the application of Mr. Bennett after it has complied with the rulemaking provisions of the AAPA is reversed. The original decision of the ABC Board is reinstated.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
BRADLEY and HOLMES, JJ., concur.