YATES, Judge.
Steven J. Woods applied in July 1998 to the City of Trussville for a liquor license under the trade name “Legends Restaurant.” The Trussville City Council held a hearing on the application and denied it on September 22, 1998. Woods appealed to the Circuit Court of Jefferson County, which held a hearing in May 1999. At the conclusion of the evidence, the court upheld the council’s decision; however, the court did not enter a judgment with findings of fact and conclusions of law. Woods moved to alter, amend, or vacate the judgment and for a written ruling pursuant to Rule 52, Ala. R. Civ. P.; the court denied both motions on August 2,1999.
Woods appeals, arguing that the trial court erred in holding that the Trussville City Council did not act in an arbitrary and capricious manner in denying his liquor-license application.
The record does not contain a classification for the City of Trussville regarding the issuance of liquor licenses. Based on the 1970 federal decennial census, the population for the City of Truss-ville indicates a Class 8 classification. See § ll-40-12(a), Ala.Code 1975. However, based on the 1990 federal decennial census, the most recent census, the City of Trussville would be a Class 7 municipality, based on a population of 8,266. See 1990 Census of Population and Housing, U.S. Department of Commerce, Economics and Statistics Administration, Bureau of the Census. See Alabama Citizens Action Program v. Kennamer, 479 So.2d 1237 (Ala.1985) (supreme court held that population of city is determined by the last preceding federal decennial census, in a case challenging the constitutionality of a statute allowing a municipality to change its status regarding the sale of alcoholic beverages). Whether the City of Truss-ville is classified as a Class 7 or as a Class 8 municipality, the issuance of a restaurant liquor-license in the City of Trussville would be governed by § 28-3A-13, Ala. Code 1975. That statute states, in part:
*723 “Upon applicant’s compliance with the provisions of this chapter and the regulations made thereunder, the board shall, where the application is accompanied by a certificate from the clerk or proper officer setting out that the applicant has presented his application to the governing authority of the municipality, ... and has obtained its consent and approval issue a restaurant liquor license for a ... restaurant, ... which will authorize the licensee to purchase liquor and wine from the board or as authorized by the board to purchase table wine and beer.... ”
The City of Trussville’s Ordinance No. 95-28-ADM, Section XI (regulating the sale of alcoholic beverages), states:
“Section XI. Action By City Council.
“In rendering a decision on each application, the City Council shall consider, among other things, the following factors:
“A. The investigations and recommendations of the police chief, building inspector and finance officer.
“B. The application, applicant’s compliance with the application process, and the laws of the State of Alabama and the ordinances of the City of Trussville.
“C. The location of the proposed establishment to include effects upon residents, businesses, traffic flow and congestion.”
Our standard of review is to determine whether the denial by the Trussville City Council was arbitrary and capricious. See Inn of Oxford, Inc. v. City of Oxford, 366 So.2d 690 (Ala.1978); Maddox v. Madison County Comm’n, 661 So.2d 224 (Ala.1995). Based on the evidence contained in the city council minutes and the testimony presented in court, it is clear that Woods met all of the requirements contained in parts A. and B. of the ordinance. The primary issue raised by the city council, regarding insufficient parking spaces, was addressed by Woods’s entering into an agreement with an adjoining business to lease additional parking spaces. Woods testified that there would be televisions throughout the restaurant, but that no big-screen television would be installed; that there would be only restaurant seating; that all alcohol would be served with meals and that the business would not have a separate bar; that he identified the restaurant as a “sports grill” because he proposed to show sports and news on .the televisions and his menu consisted of grilled entrees. The mayor testified that Woods had cleared all investigations and that “everything passed muster.” The mayor further testified that the previous owner of the business now operated by this applicant, who had operated under the name Tombrello’s restaurant, had operated with a liquor license but had served only beer and wine. The may- or’s primary objection to the approval of the license was that he considered the area as becoming more residential, with younger families moving in, and that he saw a distinction between this establishment as compared to the prior business, which was a family-run restaurant. The mayor acknowledged that at the public hearing there had been no statements from churches or other businesses in opposition to the liquor license. The other trial testimony consisted of the testimony of Dr. Charles McCane, a minister at the First Baptist Church, who stated “I’m against alcoholic beverages because I see it as a drug and bringing it into the neighborhood. And I just think that the children, especially in our area, and what I observe that alcohol can do to people, that it would be a danger.” Mr. Everette Jones, a council member, offered testimony indicating that he would never vote to approve an alcohol license.
Although the trial court did not enter a written judgment, it stated:
*724 “It’s the finding of this Court that the elected officials of Trussville in looking at the use of the old Trussville area, the downtown, the heart of Trussville area, is that it is a good and sufficient reason that it’s a circumstance that would be detrimental to adjacent neighborhoods to have a sports grill, a restaurant serving alcohol there. I’m not saying that I even necessarily agree with their reasons.
“But with the evidence of the change in the neighborhood, the influx of young folks, the old church row in some areas, is just that, not only old churches, but old people. It appears these churches are vibrant. They are gaining members. They are not having the circumstances of so many old churches, that there are more to them. There is more pedestrian traffic than the old — than under the old liquor license from Mr. Tombrello, that — that as we sit here today, the circumstances in that location are changing.
“The analysis that these council people and mayor have given to me provides a case-specific reason, a good reason for them to view it as they did. As I say, I’m not holding that I would agree with them, but the character of the neighborhood and the tightness of the parking, if nothing else, the presence of the TVs, the purpose of the place is just such that I think these council people are entitled to vote against it for the reasons that they have.
“I’m very sorry, Mr. Woods. It’s quite clear that you’ve done everything a person reasonably can do to get licensed. It’s quite clear that there is nothing wrong with you as a licensee. In fact, I wish that every applicant that comes before a governing body would have your record and your ability to operate a place like this logistieally. I personally have no doubt that your operation of this place would be appropriate and would cause no problems to Truss-ville at all.
“The law simply does not allow me to substitute my judgment of that of a newly [sic] elected council for some reason. So, for those reasons, there will be a judgment in favor of the City of Truss-ville upholding the previous vote. I’m sorry, Mr. Woods.”
After thoroughly reviewing the evidence, we conclude that the evidence was insufficient to deny the liquor license under the local ordinance. By the court’s own admission, Woods met all of the criteria for a licensee; the court heard no evidence indicating that the issuance of a liquor license would have a detrimental effect on adjacent residential neighborhoods; and the prior owner of the business had obtained a liquor license to operate in the same location. Accordingly, we conclude that the council’s denial of the license was arbitrary and capricious. The judgment of the circuit court is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
MONROE, J., concurs.
THOMPSON, J., concurs in the result.
ROBERTSON, P.J., and CRAWLEY, J., dissent.