Steven J. Woods applied in July 1998 to the City of Trussville for a liquor license to operate a "sports grill" restaurant under the trade name "Legends Restaurant."[1] The Trussville City Council considered the application at two meetings and then denied it on September 22, 1998. Woods appealed to the Jefferson Circuit Court. The circuit court affirmed the council's decision; however, the circuit court did not enter a judgment with findings of fact and conclusions of law. Woods moved to alter, amend, or vacate the judgment and moved for a written ruling pursuant to Rule 52, Ala.R.Civ.P. The circuit court denied both motions on August 2, 1999.
Woods appealed, arguing that the circuit court had erred in holding that the Council had not acted in an arbitrary and capricious manner in denying his liquor-license application. The Court of Civil Appeals, with two judges dissenting, reversed the judgment and remanded the case. SeeWoods v. Trussville City Council, 795 So.2d 721 (Ala.Civ.App. 2000). The Court of Civil Appeals "conclude[d] that the council's denial of the license was arbitrary and capricious" because, it held, "the evidence was insufficient to deny the liquor license under the local ordinance." 795 So.2d at 724. Presiding Judge Robertson, joined by Judge Crawley, dissented, concluding that the Court of Civil Appeals, by reversing, was improperly substituting its opinion for that of the Council.
The Council petitioned this Court for certiorari review, arguing that the Court of Civil Appeals had ignored the "uncontroverted evidence" and had improperly substituted its judgment for that of the Council in assessing the effect granting Woods a liquor license would have. We granted the Council's petition for the writ of certiorari. We reverse and remand. *Page 727 
In reviewing a municipal council's exercise of its legislative discretion to approve or disapprove the issuance of a restaurant liquor license, this Court must apply an "arbitrary-and-capricious" standard.See Inn of Oxford v. City of Oxford, 366 So.2d 690 (Ala. 1978). The Court of Civil Appeals quoted in its opinion the circuit court's statement affirming the council's decision:
 "`It's the finding of this Court that the elected officials of Trussville in looking at the use of the old Trussville area, the downtown, the heart of Trussville area, is that it is a good and sufficient reason that it's a circumstance that would be detrimental to adjacent neighborhoods to have a sports grill, a restaurant serving alcohol there. I'm not saying that I even necessarily agree with their reasons.
 "`But with the evidence of the change in the neighborhood, the influx of young folks, the old church row in some areas, is just that, not only old churches, but old people. It appears these churches are vibrant. They are gaining members. They are not having the circumstances of so many old churches, that there are more to them. There is more pedestrian traffic than the old — than under the old liquor license from [the previous occupant], that — that as we sit here today, the circumstances in that location are changing.
 "`The analysis that these council people and mayor have given to me provides a case-specific reason, a good reason for them to view it as they did. As I say, I'm not holding that I would agree with them, but the character of the neighborhood and the tightness of the parking, if nothing else, the presence of the TVs, the purpose of the place is just such that I think these council people are entitled to vote against it for the reasons that they have.
 "`I'm very sorry, Mr. Woods. It's quite clear that you've done everything a person reasonably can do to get licensed. It's quite clear that there is nothing wrong with you as a licensee. In fact, I wish that every applicant that comes before a governing body would have your record and your ability to operate a place like this logistically. I personally have no doubt that your operation of this place would be appropriate and would cause no problems to Trussville at all.
 "`The law simply does not allow me to substitute my judgment of that of a newly [sic] elected council for some reason. So, for those reasons, there will be a judgment in favor of the City of Trussville upholding the previous vote. I'm sorry, Mr. Woods.'"
Woods, 795 So.2d at 724.
It does not appear that the Council acted in an arbitrary and capricious manner when it denied Woods's application for a liquor license. Rather, the Council acted in accordance with Ordinance No. 95-28-ADM, Section XI, by considering "[t]he location of the proposed establishment to include effects upon residents, businesses, traffic flow and congestion."
The Council asserts that the property "was located virtually across the street from single-family detached residential zoning and in very close proximity to other land uses that were clearly not commercial in character (e.g., homes, schools, churches, parks)." Testimony at the Council meeting indicated that the restaurant could have a negative impact on the "family atmosphere of the community" and that, at night, it could cause traffic problems to result. The Council also asserts that, "while [Woods] was ultimately able to meet the minimum parking-space allotment, he was only able to do so by securing an agreement from a neighboring *Page 728 
property owner to permit a limited number of spaces to be used for off-site parking" that is "remote and not conveniently accessible."
Finally, the Council contends:
 "[W]hile [Woods] argued that a previous occupant of the site had used the facility as a restaurant and had held an alcohol license, testimony also established that (1) a different City Council had approved the previous alcohol application; (2) the nature of the restaurant operation was different than the sports grill concept proposed by [Woods]; (3) the previous owner had agreed not to sell hard liquor; (4) the owner of the previously licensed restaurant lived across the street; (5) other applicants at the same location had been denied; and (6) as the [circuit] court noted, the adjacent neighborhood had seen an increase in pedestrian traffic in recent years."
The circuit court stated that, although Woods did "everything a person reasonably can do to get licensed," it was not within the court's discretion to make the decision whether to issue the license. We agree. It appears that the Council considered all of the factors required by the City of Trussville's Ordinance No. 95-28-ADM, Section XI, before concluding that the location of Woods's establishment would have a negative impact on the surrounding area. As a result, the circuit court correctly held that the Council had not acted in an arbitrary and capricious manner. See Potts v. Bennett, 487 So.2d 919 (Ala.Civ.App. 1985) (rejecting an applicant's argument that his compliance with statutory requirements for issuance of a license divested the ABC Board of its discretion to deny the application). Therefore, we reverse the judgment of the Court of Civil Appeals and remand the case for an order or further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Lyons, Brown, Harwood, Woodall, and Stuart, JJ., concur.
Houston and Johnstone, JJ., dissent.
[1] Sections 28-3A-11 through 28-3A-13, Ala. Code 1975, permit the Alabama Alcoholic Beverage Control Board (the "ABC Board") to issue a liquor license with respect to premises inside a municipality where the applicant has obtained the municipality's consent to, and approval of, the issuance of such a license. The City of Trussville's Ordinance No. 95-28-ADM, regulating the sale of alcoholic beverages, reads:
"Section XI. Action By City Council.
 "In rendering a decision on each application, the City Council shall consider, among other things, the following factors:
 "A. The investigations and recommendations of the police chief, building inspector and finance officer.
 "B. The application, applicant's compliance with the application process, and the laws of the State of Alabama and the ordinances of the City of Trussville.
 "C. The location of the proposed establishment to include effects upon residents, businesses, traffic flow and congestion."