BRYAN, Judge.
Scherry Knox Allen owns G & S Restaurant (“the restaurant”), which is located in the City of Montgomery. The restaurant, by and through Allen, applied to the Montgomery City Council (“the Council”) for a restaurant retail liquor license permitting the restaurant to sell liquor, and the Council denied the application. The restaurant subsequently sought review of the Council’s denial in the Montgomery Circuit Court by filing a petition for a writ of certiorari. See Phase II, LLC v. City of Huntsville, 952 So.2d 1115, 1119 n. 3 (Ala. 2006) (stating that, as in this case, “[wjhere there is no statutory right of direct appeal from a local government’s decision to deny an application for a liquor license, the only proper method of judicial review is by the common-law writ of cer-tiorari”); but see §§ 28-1-6 and -7, Ala. Code 1975 (providing a statutory direct appeal from the denial or approval of a liquor license by certain municipalities).[1]
*2 The circuit court reviewed the record made before the Council to determine whether the Council had acted arbitrarily or capriciously. See Phase II, 952 So.2d at 1119 (indicating that the reviewing court must determine whether a municipality’s liquor-license decision is arbitrary or capricious). The circuit court then entered a judgment overturning the Council’s denial of the liquor license. The judgment stated, in pertinent part:
“Based on a review of the record, the Court finds the following facts:
“1. [The] Restaurant is ... located at 1609 Rosa Parks Avenue. It is properly licensed by the city, health-code compliant, and has no history of legal or any other problems. It has a seating capacity of 25.
“2. [The] Restaurant is owned and operated by Scherry Knox Allen. Ms. Allen, on behalf of [the restaurant], applied for a restaurant retail liquor license.
“3. The State of Alabama Alcohol[ic] Beverage Control Board (‘ABC Board’) investigated Ms. Allen and the ... restaurant location and concurred in the issuance of the license.
“4. The Montgomery Police Department Special Operations Division noted that it had ‘No concerns about this application.’
“5. Both the Montgomery Police Department and the ABC board’s investigation revealed that there were four other liquor licenses in the vicinity. The nearest liquor license to [the restaurant] was one block away. The nearest church and school were four blocks away. The nearest residence was in the same block.
“6. The Montgomery Police Department investigation further revealed that there were no fights, no shootings, no disturbances, and no stabbings ever recorded at [the restaurant].
“7. Neither the church nor the school objected to the application. The ABC board investigation found two 30 year old convictions against Ms. Allen and a 1990 charge.[2]
“8. There are no objections in the record by anyone other than [then] Council member [Martha] Roby. Council member Roby referred to off-the-record complaints by a neighborhood association, but there is no record of any such complaints for the Court to review.
“9. Council member Roby’s recitations of off-the-record discussions are inadequate in the facts of this case to support the City’s action.
“Even allowing for the broad discretion accorded the city in liquor license applications^] this action by the city cannot be sustained.”
The Council appealed the circuit court’s judgment to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, the Council argues that it did not act arbitrarily or capriciously in denying the liquor-license application. A municipality has “ ‘broad’ discretion to approve or disapprove the issuance of li *3 quor licenses with respect to locations within the municipality.” Phillips v. City of Citronelle, 961 So.2d 827, 829 (Ala.Civ. App.2007). However, a municipality’s decision granting or denying a liquor license must be set aside on judicial review if the municipality acted arbitrarily or capriciously. Phase II, 952 So.2d at 1119; Ex parte Trussville City Council, 795 So.2d 725, 727 (Ala.2001); and Phillips, 961 So.2d at 829. As our supreme court explained in Phase II:
“ ‘In reviewing a municipal council’s exercise of its legislative discretion to approve or disapprove the issuance of a restaurant liquor license, this Court must apply an “arbitrary-and-eapri-cious” standard.’ Ex parte Trussville City Council, 795 So.2d 725, 727 (Ala. 2001).
“ ‘ “A determination is not ‘arbitrary1 or ‘unreasonable’ where there is a reasonable justification for its decision or where its determination is founded upon adequate principles or fixed standards. State Department of Pensions and Security v. Whitney, 359 So.2d 810 (Ala.Civ.App.1978).
“ ‘ “If reasonable minds may well be divided as to the wisdom of [the decision maker’s] actions, or there appears some reasonable basis for the classification made by the [decision maker], such action is conclusive and the court will not substitute its judgment for that of the [decision maker].” ’ ”
952 So.2d at 1119 (quoting City of Huntsville v. Smartt, 409 So.2d 1353, 1357-58 (Ala.1982), quoting in turn Hughes v. Jefferson Cnty. Bd. of Educ., 370 So.2d 1034, 1037 (Ala.Civ.App.1979)).
In addition to the facts recited by the circuit court in its judgment, we note the following facts. The restaurant’s liquor-license application first came before the Council at its meeting on June 6, 2010. At the meeting, a council member asked if anyone opposed the application, and no one expressed opposition. However, before a vote could be taken, Council member Martha Roby successfully moved to carry the application over to the next meeting to give her time to discuss the application with others. The Council considered the restaurant’s liquor-license application again at its meeting of July 7, 2010. At that meeting, Roby stated that she had discussed the application with residents from the neighborhood where the restaurant is located. Roby stated that “the general consensus [in the discussion with the residents] was that it was not in the best interest of the safety and welfare of the neighborhood” to issue a liquor license for the restaurant. Some of the residents that Roby had spoken to were in the audience and stood when Roby asked them to stand. Roby further stated that a neighborhood association in the restaurant’s neighborhood had held a meeting and had voted “overwhelmingly in opposition to this license.”
Roby then made a motion to deny the application. Roby indicated that her motion was based on the “health, safety and welfare of the people who live in th[e] neighborhood,” the “negative impact” that serving liquor would have on the neighborhood, and the neighborhood association’s strong opposition to the application. More specifically, Roby noted that the “restaurant sits very close to homes and it is ... right where children walk to and from E.D. Nixon Elementary School.” No council members besides Roby stated reasons for or against granting the application.
We conclude that the Council had a reasonable justification to deny the liquor-license application, and, thus, the Council did not act arbitrarily or capriciously in *4 denying the application. Phase II. Our conclusion is based primarily on the location of the restaurant in a residential area near an elementary school and the strong opposition from the residents. “Notwithstanding the absence of restrictions in a statute or ordinance, licensing authorities have as a general rule been permitted to deny licenses where the proposed location is improper by reason of the location and its surroundings.” Broughton v. Alabama Alcoholic Beverage Control Bd., 348 So.2d 1059, 1060 (Ala.Civ.App.1977). In Delta Oil, Inc. v. Potts, 479 So.2d 1273 (Ala.Civ. App.1985), this court considered whether the Alabama Alcoholic Beverage Control Board (“the ABC Board”) had acted arbitrarily in denying an off-premises beer license to an applicant. In that case, this court recited somewhat meager facts similar to the facts in this case:
“[T]he applicant’s store in Fairhope is situated directly across a fifty foot wide street from a church. While the evidence is somewhat confusing as to the store’s distance from a public school and playground, it is a reasonable conclusion that they were in close proximity to each other. Some church, city, and school officials, and residents of Fairhope opposed the issuance of the license to the applicant. Other than the above, no issue has been made at any time as to the applicant’s fitness for the license.”
479 So.2d at 1274. In concluding that the ABC Board had not arbitrarily and capriciously denied the off-premises beer license, this court emphasized the ABC Board’s “broad discretion” in considering applications. As noted, municipalities also have broad discretion in determining whether to issue liquor licenses. Phillips, supra.
Similarly, in Mims v. Russell Petroleum Corp., 473 So.2d 507 (Ala.Civ.App.1985), this court determined that the ABC Board had not arbitrarily denied an off-premises beer license. In Mims, the proposed location of the applicant’s store was very near schools, playgrounds, a church, a park, and a Girl Scout hut. 473 So.2d at 508. Children frequently walked by the location of the store. Id. at 509. This court also noted community opposition to the beer-license application, a relevant factor in this case:
“Community standards, i.e., opposition to the location of retailers of intoxicants, also have a bearing on each case. Cf. Broughton, 348 So.2d at 1060. There is evidence in the present case that the mayor, city council, school board, other community leaders, and citizens are strongly opposed to this particular location. ...”
473 So.2d at 509. See also Broughton, 348 So.2d at 1061 (“We do not find any abuse of discretion by the ABC Board in denying this [off-premises beer] license because of the proximity of the school and church.”); and Potts v. Bennett, 487 So.2d 919 (Ala. Civ.App.1985) (concluding that the ABC Board had acted within its discretion in denying an off-premises beer license when an applicant’s store was close to a school and churches, there was substantial opposition from local citizens, and there was some suggestion of a traffic hazard at the store).
Considering the Council’s broad discretion in determining whether to grant or deny liquor licenses, we conclude that the Council did not act arbitrarily or capriciously in denying the application in this case. Accordingly, we reverse the circuit court’s judgment, and we remand the case.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The restaurant filed a "notice of appeal” to the circuit court before filing the appropriate petition for a writ of certiorari.

. The circuit court’s finding on this point is inconsistent with the Alabama Alcoholic Beverage Control Board's investigation report contained in the record. That report indicates that Allen was "guilty” of second-degree forgery in 1980, was “convicted” of making a false statement in 1990, and was "guilty” of "contributing delinquency” in 2000. A Montgomery Police report in the record indicates that Allen was charged with contributing to the delinquency of a minor in 2000. Under the "disposition” category for that charge is listed the words "not provided.”