[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 314 
Rickey Evans and Emily J. Evans, as parents of Ronald Eugene Evans, and Rickey Evans, as administrator of the estate of Ronald Eugene Evans, deceased, appeal from a summary judgment entered in favor of Sunshine-Jr. Stores, Inc., in an action to recover damages for the death of Ronald Eugene Evans. This judgment was made final pursuant to Rule 54(b), A.R.Civ.P.[1]
Ronald Eugene Evans was killed when his automobile collided with a pickup truck driven by Earl Simpson, Jr., at approximately 12:25 a.m. on May 6, 1989. At the time of the accident, Simpson was driving under the influence of alcohol. At approximately 11:45 p.m. on May 5, Simpson had purchased a 12-pack of beer from Sunshine-Jr. Stores in Columbiana, Alabama. Rickey Evans and Emily J. Evans, as parents of Ronald Eugene Evans, and Rickey Evans, as administrator of the estate of Ronald Eugene Evans, deceased, sued Sunshine-Jr. Stores, alleging that it had negligently and wantonly caused the death of Ronald Eugene Evans and claiming damages under Ala. Code 1975, § 6-5-71, "The Dram Shop Act." The trial court entered a summary judgment in favor of Sunshine-Jr. Stores and denied the Evanses' subsequent motion to alter, amend, or vacate that summary judgment. The Evanses appeal.
Under Alabama's Dram Shop Act, any person or the personal representative of any person injured or killed by an intoxicated person has a cause of action against one who "by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause[s] the intoxication of such person." Ala. Code 1975, § 6-5-71. The Evanses allege that Sunshine-Jr. Stores, a licensee of the Alabama Alcoholic Beverage Control Board ("ABC Board"), violated Regulation 20-X-6-.15 of the regulations promulgated by the ABC Board by allowing Simpson to drive on its premises while under the influence of alcohol. The Evanses contend that because the regulations of the ABC Board have the full force and effect of law, pursuant to Ala. Code 1975, § 28-3-49, they have a cause of action under the Dram Shop Act based on the alleged violation of Regulation 20-X-6-.15. That regulation provides:
 "The ABC licensee shall be held responsible for and accountable to the ABC Board for all criminal conduct which occurs on or is suffered to occur on any part of the ABC licensed premises. Where the board or hearing commission finds such criminal conduct to be allowed, caused, permitted, or suffered to occur by the licensee, such licensee's license shall be subject to suspension, revocation, or other disciplinary action by the board or hearing commission."
This Court is not persuaded by this argument. The cause of action created by the Dram Shop Act is confined to the unlawful selling, giving, or otherwise disposing of liquors or beverages. Moreover, the language in Regulation 20-X-6-.15 sets forth the consequences for criminal conduct on the premises of a licensee and provides that the licensee shall be accountableto the ABC Board for criminal conduct. It does not appear that Regulation 20-X-6-.15 was promulgated to impose liability to third parties for criminal conduct on the premises of an ABC Board licensee. This Court concludes that the Evanses do not have a cause of action under the Dram *Page 315 
Shop Act based on the alleged violation of Regulation20-X-6-.15.
The Evanses also contend that they have a cause of action under the Dram Shop Act based on an alleged violation by Sunshine-Jr. Stores of Ordinance No. 295 of the City of Columbiana, Alabama, which reads:
 "AN ORDINANCE PROVIDING FOR THE ADOPTION OF THE ALABAMA CRIMINAL CODE, TITLE 13A, AS AMENDED, AND TO PROVIDE FOR THE ENFORCEMENT AND PENALTIES FOR ITS VIOLATION.
 "BE IT ORDAINED BY THE CITY COUNCIL OF COLUMBIANA, ALABAMA, AS FOLLOWS:
 "Section 1. Any person or corporation committing an offense within the corporate limits of the City of Columbiana, Alabama, or within the police jurisdiction thereof, which is declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a misdemeanor, shall be guilty of an offense against the City of Columbiana, Alabama.
 "Section 2. Any person or corporation committing an offense within the corporate limits of the City of Columbiana, Alabama, or within the police jurisdiction thereof, which is declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a violation, shall be guilty of an offense against the City of Columbiana, Alabama.
 "Section 3. Any person or corporation committing within the corporate limits of the City of Columbiana, Alabama, or within the police jurisdiction thereof, an offense as defined by Section 13A-1-2 of the Alabama Criminal Code, which offense is not declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a felony, misdemeanor or violation, shall be guilty of an offense against the City of Columbiana, Alabama."
Ordinance No. 295 was enacted on December 20, 1979, and became effective on January 1, 1980. At the time the ordinance was passed and became effective, Ala. Code 1975, § 28-3-260(2), provided, inter alia, that it was unlawful for a liquor licensee to sell alcoholic beverages to any person visibly intoxicated. On September 30, 1980, § 28-3-260 was repealed by the Alabama legislature and as of the time of the accident in this case, there was no Alabama law prohibiting the sale of alcoholic beverages by an off-premises liquor licensee to any person visibly intoxicated.[2] The Evanses argue that the city ordinance preserved the state law that was in effect at the time of the passage of the ordinance and that the ordinance, therefore, prohibited the sale of alcoholic beverages by an off-premises licensee to a visibly intoxicated person.
This Court, in distinguishing between "specific reference statutes" and "general reference statutes," has held that a specific reference statute is one that incorporates an earlier statute by specific and descriptive reference thereto and that a general reference statute is one that refers generally to the law relating to the subject under consideration. Shelby CountyCommission v. Smith, 372 So.2d 1092 (Ala. 1979); Carruba v.Meeks, 274 Ala. 714, 150 So.2d 195 (1963). A general reference statute includes not only the law in force at the time the adopting act became effective, but also any subsequent modifications to the general law, unless there is a clear expression of a contrary legislative intent. Shelby CountyCommission v. Smith, supra. A general reference statute or ordinance assures that the city ordinance is not inconsistent with state laws and "puts the local government behind the suppression of evils defined and made public offenses by state law." Casteel v. City of Decatur, 215 Ala. 4, 4, 109 So. 571,572 (1926). Any ordinance adopted by a municipality on the authority granted to the municipality by Ala. Code 1975, §11-45-1, must not be inconsistent with the general *Page 316 
laws of the state. Lanier v. City of Newton, 518 So.2d 40
(Ala. 1987). An ordinance is inconsistent with the general laws of the state if the municipal law prohibits anything that the state law permits. Lanier v. City of Newton, supra.
This Court finds that Ordinance No. 295 is a general reference ordinance encompassing the state law in effect at the time the ordinance became effective, as well as the subsequent modifications to the state law. Even if the city council of Columbiana had clearly expressed its intent to the contrary, the ordinance, to be consistent with the laws of Alabama, must necessarily be interpreted as conforming to the state law at the time § 28-3-260 was repealed by the Alabama legislature. Consequently, § 28-3-260 was not preserved by the ordinance and the ordinance did not prohibit the sale of alcoholic beverages by an off-premises licensee to a visibly intoxicated person. The Evanses do not have a cause of action under the Dram Shop Act based on an alleged violation of this ordinance by Sunshine-Jr. Stores.
The Evanses' final contention is that where there is no cause of action under the Dram Shop Act, they should be allowed to proceed under a common law negligence theory. Specifically, the Evanses allege that by executing a document required by the ABC Board, which provided that alcoholic beverages would not be sold to intoxicated persons, Sunshine-Jr. Stores assumed a duty to refrain from selling alcoholic beverages to intoxicated persons. The Evanses allege that Sunshine-Jr. Stores breached that duty by selling alcoholic beverages to Simpson, who they allege was intoxicated.
As a general rule, Alabama does not recognize a common law cause of action for negligence in the dispensing of alcohol.Jackson v. Azalea City Racing Club, Inc., 553 So.2d 112
(Ala. 1989). However, in Buchanan v. Merger Enterprises, Inc.,463 So.2d 121 (Ala. 1984), this Court, by a narrow majority, recognized a limited exception for allowing such a cause of action in the situation where, through legislative oversight, there is a hiatus in the law during which there are no provisions making it unlawful for a licensee to dispense alcohol to an intoxicated person.
In Buchanan, this Court set out the history of the offenses giving rise to a cause of action under the Dram Shop Act:
 "Alabama's dram shop statute creates a civil [cause of] action against a purveyor of alcoholic beverages in favor of any person, or the personal representative of any person, injured or killed by an intoxicated person when the beverages causing the intoxication were dispensed 'contrary to the provisions of law.' Section 6-5-71, Code of Alabama 1975. Prior to 1980, Title 28, Chapter 3, of the Code, §§ 28-3-1 et seq., governed the sale of alcoholic beverages in 'wet' counties. That chapter contained an article, Article 9, enumerating miscellaneous offenses connected with the sale and distribution of alcohol. Sales in violation of that article were considered to be sales contrary to law within the meaning of the dram shop statute. Section 28-3-260(2) provided that it was unlawful for a liquor licensee 'to sell, furnish or give any beverages to any person visibly intoxicated or to any insane person or to any minor or to habitual drunkards or to persons of known intemperate habits.' Thus, where a tavern served liquor to a visibly intoxicated patron in contravention of § 28-3-260, a person injured by the patron had a cause of action against the tavern under the dram shop statute.
 "In 1980 the legislature enacted a new Alcoholic Beverage Licensing Code, Act No. 80-529. The new licensing code replaced Article 9 of old Title 28. The new code did not, however, have any provisions similar to § 28-3-260 enumerating offenses associated with the sale of alcohol."
463 So.2d at 122-23. This Court then noted that in September 1982, the ABC Board promulgated Regulation 20-X-6-.02, which has the full force and effect of law and prohibits the sale of alcoholic beverages to a visibly intoxicated person.Buchanan, supra, at 123. *Page 317 
Regulation 20-X-6-.02, however, was limited in its application to on-premises licensees of the ABC Board. The hiatus exception recognized in Buchanan, therefore, is limited to a negligence cause of action against an on-premises licensee during the gap from September 1980 to September 1982. That exception does not allow a negligence cause of action against an off-premises licensee such as Sunshine-Jr. Stores. The May 6, 1989, accident occurred over seven years after the ABC Board promulgated Regulation 20-X-6-.02. If the ABC Board had intended to prohibit an off-premises licensee from dispensing alcohol to a visibly intoxicated person, it could have done so when it promulgated Regulation 20-X-6-.02.[3] It is not apparent from these facts that a hiatus of law was created due to legislative oversight. This Court concludes that the accident giving rise to the Evanses' claim does not fall within that narrow exception recognized in Buchanan, supra. The Evanses cannot be permitted to proceed under a common law negligence theory.
In determining whether a trial court's ruling on a summary judgment is proper, this Court is limited to reviewing the same evidence considered by the trial court when it granted the motion and must review the evidence in the light most favorable to the nonmoving party. Turner v. Systems Fuel, Inc.,475 So.2d 539 (Ala. 1985). A summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to the judgment as a matter of law. Rule 56, A.R.Civ.P.; RNH, Inc. v. Beatty, 571 So.2d 1039 (Ala. 1990). Reviewing the evidence before this Court in a light most favorable to the Evanses, this Court holds that the trial court correctly entered the summary judgment in favor of Sunshine-Jr. Stores.
AFFIRMED.
MADDOX, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
[1] Earl Simpson, Jr., was named as a defendant also. The summary judgment did not relate to him, however, and he remains a party to the action.
[2] On September 27, 1982, the Alabama ABC Board promulgated Regulation 20-X-6-.02, which prohibits the sale of alcoholic beverages by an on-premises licensee to any person visibly intoxicated. See Buchanan v. Merger Enterprises, Inc.,463 So.2d 121 (Ala. 1984).
[3] John M. Harbert III, who was chairman of the ABC Board at the time Regulation 20-X-6-.02 was promulgated, stated in his affidavit (which was submitted by Sunshine-Jr. Stores):
 "The [ABC] Board made a conscious decision, in the exercise of its statutorily granted authority, not to include off premises licensees in the regulation prohibiting sales to persons acting in such a manner as to appear to be intoxicated, and the exclusion of such licensees was intentional and was not, by any means, an oversight."