ROBERTSON, Presiding Judge.
On June 28, 1990, Sharon Wilson filed a complaint against the Dothan City Board of Education (board) and Dr. J.L. McCarty, principal of the Dothan Vocational Center, in which she claimed that she had been continuously employed under the same contract by the board as a health occupations education instructor at the Dothan Vocational Center since the 1982-1983 school year; that McCarty assigned her additional duties outside of teaching hours specified in her contract and away from school grounds; that she received no compensation for these additional hours of work; and that she was advised by McCarty that if she did not perform these additional hours of work, such action would be considered insubordination. Wilson requested that the trial court determine that she was under no obligation to perform duties outside of school hours, outside of the contract year, and away from school grounds.
On February 25, 1991, the case was dismissed for want of prosecution. A motion to reinstate was granted, but the case was again dismissed for the same reason on February 27, 1992. Another motion to reinstate was granted, and the ease was subsequently submitted to the trial court on motions for summary judgment.
Wilson’s affidavit in support of her motion stated that she was employed as a health occupations education instructor at the Dothan Vocational Center; that she was employed on a 200-day contract with the board; that her students regularly competed in extra-curricular competitions; that McCarty required her to prepare her students for these competitions; that McCarty required her to work outside the normal classroom hours in order to thoroughly prepare her students; that she was required to spend some Saturdays and Sundays for the purpose of preparing her students; that after she filed a grievance, the board agreed to compensate her at the rate of $40 per day for extra Saturday and Sunday work; that she was required to work five to seven days during the summer; that she was required to attend competitive events; and that she received no compensation for attending these events.
The board’s motion for summary judgment was supported by the affidavits of McCarty, Laurie Axtell, and James Wesley Grant. McCarty stated that he was the building principal of Wilson; that he supervised Wilson’s. work; that, although dedicated teachers usually spend Saturdays and Sundays preparing students, it was not mandatory; that all vocational teachers, including Wilson, were required to participate in competition programs; that participation in these programs was considered co-curricular activity in conjunction with regular classroom study, not extra-curricular activity; that the board adopted a policy under which teachers could receive $40 per day for attending competitions with their students; and that in June 1990, Wilson applied for and received compensation for six days at the rate of $40 per day for attending a competitive event.
Laurie Axtell, a marketing education coordinator at Dothan High School, and James Wesley Grant, a drafting instructor at Dothan Vocational Center, stated that preparing for and participating in competitions was a co-curricular activity. Grant also stated that participating in these co-curricular activities was as much a part of his responsibility as a teacher as conducting class and administering tests.
The trial court denied Wilson’s motion for summary judgment and granted the board’s motion for summary judgment. The trial court held that a school system may require a teacher to participate in student competitions and organizations related to the subject matter for which that teacher is employed to teach.
Wilson contends on appeal that the trial court erred in granting the board’s motion for summary judgment.
At the outset, we note that a summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Evans v. Sun *60 shine-Jr. Stores, Inc., 587 So.2d 312 (Ala.1991). After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by substantial evidence that there is a genuine issue of material fact which would require a resolution by a factfinder. Johnson v. Citizens Bank, 582 So.2d 576 (Ala.Civ.App.1991).
Section 16-11-9, Code 1975, grants the following powers to the city board of education:
“The city board of education is hereby vested with all the powers necessary or proper for the administration and management of the free public schools within such city and adjacent territory to the city which has been annexed as a part of the school district which includes a city having a city board of education.”
The employment contract that Wilson entered into with the board for the 1982-1983 school year does not address co-curricular or extra-curricular activities. However, the record reflects that on September 11, 1978, the board adopted a provision concerning the performance responsibilities of a teacher, which provided that teachers had to “[pjerform co-curricular and extra-curricular activities as designated or assigned by the principal.” In addition, on October 13, 1981, the board adopted a provision which provided that “[tjeachers are obligated to accept responsibility of assignments made by the principals which may include such assignments as hall duty, lunchroom duty, playground duty, bus duty, co-curricular and extra-curricular assignments.”
It is clear from the record that prior to Wilson’s contract, the board adopted policies that required teacher participation in co-curricular and extra-curricular activities. The record indicates that, after Wilson signed her contract, the board enacted a policy whereby teachers were compensated for attending co-curricular competitions. We find that Wilson failed to produce any substantial evidence creating a genuine issue of material fact which would require a resolution by a factfinder.
In view of the above, we find that the trial court properly held that there was no genuine issue of material fact and that the board was entitled to a judgment as a matter of law.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.