Irene Flowers appeals from a circuit court order affirming the decision of the Alabama Alcoholic Beverage Control Board (Board) not to renew a liquor license.
The City of Troy Police Department filed a protest with the Board against the renewal of the liquor license for The Flamingo Club # 2, which is owned by Flowers. The protest was filed "due to alleged instances of drug sales, disturbances, and other crimes at [the] establishment." Three separate letters giving notice of the protests and the hearing were sent to Flowers by the Board, and the hearing was continued at her request.
Subsequent to the hearing and the notification to Flowers that the license would not be renewed, Flowers appealed to the circuit court. That court affirmed the decision of the Board.
Flowers appeals to this court, contending that the protest against renewal of the license was improper, that she was inadequately informed of the charges and, therefore, was denied due process, and that there was not sufficient legal evidence to deny renewal of the license.
At the outset we note that regulation of the liquor traffic is subject to the police power of this state for the purpose of protecting the public health, morals, and welfare. Mims v.Russell Petroleum Corp., 473 So.2d 507 (Ala.Civ.App. 1985). In addition, a license to sell intoxicants is a privilege, not a property right or vested interest. Id. Furthermore, the standard of review in this matter is governed by § 41-22-20, Ala. Code 1975. Starlite Lounge, Inc. v. Alabama AlcoholicBeverage Control Board, 603 So.2d 1107 (Ala.Civ.App. 1992).
Section 41-22-20(k), provides, in pertinent part:
 "[T]he agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. . . . The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified . . . if substantial rights of the petitioner have been prejudiced because the agency action is: . . . (6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. . . ."
Regarding Flowers's first contention, she claims that the chief of police of the City of Troy, who had protested the renewal of the license, did not have the authority to protest on behalf of the City of Troy.
Section 28-3A-5(b), Ala. Code 1975, provides:
 "Licenses issued under the provisions of this chapter shall be renewed annually upon the filing of applications, in such form *Page 417 
as the board shall prescribe, at least 60 days before the expiration and upon payment to the board of the appropriate license fees, unless the board has good cause for not renewing or reissuing the license. Unless within one month prior to the scheduled date of expiration of such licenses the applicant shall have been notified by the board of objections to the granting thereof signed by persons authorized to do so, and upon payment of the required fees, the board shall issue such renewal of licenses."
Section 20-x-5-.07(6) of the Board's rules and regulations provides that "[w]ithin one month prior to the expiration of alcoholic beverage license, the Board shall notify the applicant of objections and protests filed by persons authorized to do so. The interested parties which may lodge objections or protests include, but are not limited to, state, county, and municipal governmental agencies."
The trial court found that "the Board did not exceed its discretionary power" in finding that "the City of Troy Department of Police was an interested party as well as an agency of the City of Troy." We agree and find, as the trial court did, that this claim is without merit.
Flowers next claims that the Board did not adequately inform her of the specific charges and allegations against her. She states that she was given a file that contained seventy-four case files on drug activities that had taken place within the area of Flowers's establishment, but that she was not specifically told which ones applied to her. She also claims that the Board did not comply with § 41-22-12(b) and Rule 20-x-3-.03 of its rules and regulations. Section 41-22-12(b) provides as follows:
"The notice shall include:
 "(1) A statement of the time, place and nature of the hearing;
 "(2) A statement of the legal authority and jurisdiction under which the hearing is to be held;
 "(3) A reference to the particular sections of the statutes and rules involved; and
 "(4) A short and plain statement of the matters asserted."
Rule 20-x-3-.03, in addition to the above, states that "[i]f the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter, upon application, a more definite and detailed statement shall be furnished."
The Board responds by saying that Flowers was adequately informed of the charges and that she was not denied due process. It states that § 41-22-12(a) requires reasonable notice and that Flowers received this. In addition, the Board states that it provided Flowers with its entire file regarding the matter when she requested further information about the charges.
The Board complied with the requirements regarding the statement of time, place, and the nature of the hearing, as well as a statement of the matters asserted. It also complied with the request made by Flowers's attorney for further information regarding the charges by supplying all the information in its file.
Flowers also claims that the decision to deny the license renewal was based in part on her prior criminal record and a recent conviction and that she was not informed of these charges. However, because the decision was also based on the testimony of undercover officers regarding drug purchases made inside the establishment, we cannot find that this was error. In view of the above, we cannot find that Flowers was denied due process.
Regarding her final contention that there was not sufficient evidence to deny the license renewal, Flowers claims that there was no evidence that she and her husband were involved in illegal drug activity, that her husband tried to control any drug activities inside the club and would chase people outside if he saw people attempting to "deal" drugs, and that Flowers had received no notice of the allegation that she had failed to divulge a prior criminal record and, therefore, that it could not be used as a reason to deny renewal of her license.
This court may consider, pursuant to § 41-22-20, Ala. Code 1975, whether Flowers's *Page 418 
rights have been prejudiced by an agency action that is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In fact, it is "this court's duty to determine if the [Board's] decision is supported by substantial evidence." Dawson v. Department ofEnvironmental Management, 529 So.2d 1012, 1014 (Ala.Civ.App. 1988). "Substantial evidence has been defined as such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' and it must be 'more than a scintilla and must do more than create a suspicion of the existence of a fact to be established.' " Alabama Alcoholic Beverage ControlBoard v. Tyson, 500 So.2d 1124, 1125 (Ala.Civ.App. 1986) (quoting Sexton v. Tuscaloosa County Civil Service Board,426 So.2d 432, 434 (Ala.Civ.App. 1983)).
The record reveals that the Board's decision is supported by substantial evidence. The transcript of the hearing contains the testimony of several police and Alcoholic Beverage Control Board officers. Evidence presented indicated that there were a number of instances in which undercover agents made drug purchases within the club and in its back alley and parking lot. In addition, a number of people were arrested for being in possession of drugs when they exited the club. One police narcotics agent, who conducted undercover drug investigations, testified that he made eight or more cocaine buys within the club, that on each occasion Flowers was present at the club, and that the smell of marijuana was very strong and obvious.
This court cannot substitute its judgment for that of the Board. Dawson, 529 So.2d 1012. Therefore, finding that the Board's decision is supported by substantial evidence, we hold that it is not clearly erroneous. The trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.