Sarah Leslie Timmons was convicted of violating the Vehicle Tinted Window Statute, § 32-5-215(d), Code of Alabama 1975. The appellant was fined $56.00 plus court costs of $34.00.
 I
The appellant contends that § 32-5-215(d), Code of Alabama 1975, the Vehicle Window Tinting Statute, is unconstitutionally vague, because, she argues, the statute does not specify the degree of tinting allowed or prohibited. The statute provides as follows:
 "(d) No person shall operate a motor vehicle which has a windshield, sidewing or rear window which has tinting to the extent or manufactured in such a way that occupants of the vehicle cannot be easily identified or recognized through the sidewing or rear windows from outside the motor vehicle."
The court has said:
 " 'As generally stated, the void-for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' Kolender v. Lawson, 461 U.S. 352 [357], 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted). A statute challenged for vagueness must therefore be scrutinized to determine whether it provides both fair notice to the public that certain conduct is proscribed and minimal guidelines to aid officials in the enforcement of that proscription. See Kolender, supra; Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). If the statute 'either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application,' it is void for vagueness. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)."
McCorkle v. State, 446 So.2d 684, 685 (Ala.Crim.App. 1983).See also State v. Gooden, 570 So.2d 865 (Ala.Crim.App. 1990).
 "The void for vagueness doctrine . . . protects against legislation providing insufficient warning of what conduct is unlawful. E.g., Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362
(1982). The doctrine was stated by the United States Supreme Court in Kolender v. Lawson, 461 U.S. 352 [357], 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983), as follows: '. . . the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' (Citations omitted.) The Court in Kolender, supra, further opined that the most important aspect of the void-for-vagueness doctrine is 'not actual notice, but the other principal element of the doctrine — the requirement that a legislature establish minimal guidelines to govern law enforcement,' quoting Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). These minimal guidelines should be provided in order to avoid 'a standardless sweep [that] allows policemen, prosecutors and juries to pursue their personal predilections.' Smith, supra, at 575, 94 S.Ct. at 1248." *Page 1265 
Kerr v. State, 474 So.2d 142, 144 (Ala.Crim.App. 1984), rev'don other grounds, Ex parte Kerr, 474 So.2d 145 (Ala. 1985).
The statute prohibits window tinting "to the extent or manufactured in such a way that occupants of the vehicle cannot be easily identified or recognized " by someone looking in from the outside of the vehicle. Certainly, the phrase "easily identified or recognized" would cause a person of common intelligence only to guess at its meaning. The statute does not alert the public as to exactly what conduct it seeks to prohibit. The window tinting statute does not establish any minimal enforcement guidelines for law enforcement officials in their enforcement of this statute. As the attorney general of the State of Alabama recognized shortly after the act proposing the statute was enacted,
 "Unfortunately, Act No. [83-] 572 provides only a subjective standard for law enforcement officials to use in determining whether the act has been violated. The language 'easily identified or recognized' as used in Act No. [83-] 572 does not provide sufficient guidelines to enable law enforcement officials, who have the responsibility of enforcing Act No. [83-] 572, to carry out the legislative intent of the statute. While the goal of Act No. [83-] 572 is a desirable one, the lack of an objective standard by which violations may be judged places an undue burden upon the officer who must enforce the law. It is therefore the opinion of the Attorney General that Act No. [83-] 572 is unenforceable because the standard by which law enforcement officers must determine violations is too vague."
192 Op.Att'y Gen. 85 (Informal opinion 8300442, Aug. 17, 1983). As the attorney general recognized in his opinion, it is the duty of the judiciary to determine the constitutionality of legislation. Parsons v. State, 251 Ala. 467, 38 So.2d 209
(1948). This court concludes that § 32-5-215(d) is indeed unconstitutionally vague.
Following the attorney general's opinion, numerous attempts were made to amend the statute. All of these attempts were unsuccessful. In 1990, the Alabama Department of Public Safety, as authorized by § 32-2-9, Code of Alabama 1975,[1] proposed Rule 760-X-.17 to regulate the degree of window tinting. A legislative committee on administrative regulation review approved proposed Rule 760-X-.17, which reads, in pertinent part, as follows:
 "(b) Except as provided in this Code section, from and after March 1, 1991, it shall be unlawful for any person to operate a motor vehicle registered in this state:
 "(1) Which has material and glazing applied or affixed to the front windshield, which material and glazing when so applied or affixed reduce light transmission through the windshield; or
 "(2) Which has material and glazing applied or affixed to the rear windshield or the side or door windows, which material and glazing when so applied or affixed reduce light transmission through the windshield or window to less than 32 percent or increase light reflectance to more than 20 percent."
The State argues that Rule 760-X-.17 cures any constitutional deficiencies of § 32-5-215(d). The appellant counters that Rule 760-X-.17 was an improper attempt to circumvent the legislative process. We must agree with the appellant.
 "It is a fundamental rule of constitutional law that the lawmaking authority of the legislature may not be delegated to any other department or agency, either public or private. State v. Vaughan, 30 Ala. App. 201, 4 So.2d 5 (Ala.Ct.App. 1941). Therefore, when certain legislative powers are delegated to administrative or quasi-administrative officials, it is a prerequisite that adequate standards be established by the legislature so that officials to whom the powers are delegated will not legislate but, rather, will carry out the legislative will. *Page 1266 See, Commission on Medical Discipline v. Stillman, 291 Md. 390, 435 A.2d 747 (1981).
". . . .
 "As a general rule, the legislature may delegate to its own appointed administrative agencies the authority to make such minor rules and regulations as are necessary or appropriate for administration or enforcement of its general statutes. State v. State Board of Medical Examiners, 209 Ala. 9, 95 So. 295 (1923)."
Evers v. Board of Medical Examiners, 516 So.2d 650, 654-55
(Ala.Civ.App. 1987). The legislature cannot delegate its authority to make law and an agency cannot legislate. Marcet v.Board of Plumbers Examination Registration of Alabama,249 Ala. 48, 29 So.2d 333, 49-50 (1947); Alabama Public ServiceCommission v. Mobile Gas Co., 213 Ala. 50, 61, 104 So. 538
(1925). Certainly, an "agency cannot be vested with power to create a criminal offense." Standard Oil Co. of Kentucky v.Limestone County, 220 Ala. 231, 236, 124 So. 523 (1929). "An administrative agency cannot usurp legislative powers or contravene a statute. Alabama State Milk Control Board v.Graham, 250 Ala. 49, 33 So.2d 11 (1947). A regulation cannot subvert or enlarge upon statutory policy. Jefferson CountyBoard of Education v. Alabama Board of Cosmetology,380 So.2d 913 (Ala.Civ.App. 1980)." Ex parte Jones Manufacturing Co.,589 So.2d 208, 210 (Ala. 1991).
 " 'The true test and distinction whether a power is strictly legislative, or whether it is administrative, and merely relates to the execution of the statute law, "is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution to be exercised under and pursuance of the law." The first cannot be done. To the latter, no valid objection can be made.' "
Heck v. Hall, 238 Ala. 274, 282, 190 So. 280 (1939). The rule promulgated by the Alabama Department of Public Safety is not a minor rule or regulation designed to aid in the enforcement of § 32-5-215(d). Rule 760-X-.17 informs the public as to what conduct with regard to window tinting is prohibited and, thus, the rule defines a criminal offense. Only the legislature can make law and only the legislature has the authority to define what is law. The language in Rule 760-X-.17 that makes it unlawful to tint a window to the extent that it will "reduce light transmission through the windshield or window to less than 32 percent or increase light reflectance to more than 20 percent" is not a clarification of the phrase "easily identified or recognized" in § 32-5-215(d). The rule creates a criminal offense. "The designation of conduct as a criminal offense is not a minor rule or regulation. '[T]he law making power, invested exclusively in the Legislature, cannot be delegated to any other department of the government, or to any other agency, either public or private. . . . Official action cannot be made a rule or regulation merely by calling it a rule or regulation.' State v. Vaughan, 30 Ala. App. 201, 203,4 So.2d 5 (1941). The designation of conduct as a criminal offense can only be done by the Legislature." R.S.B. v. State, 632 So.2d 24
(Ala.Crim.App. 1993) (Montiel, J., dissenting). Rule 760-X-.17 constitutes an unconstitutional effort to bypass the legislature and make constitutional an otherwise unconstitutional statute.
Therefore, we hold that § 32-5-215(d), Code of Alabama 1975, is unconstitutional and that the promulgation of Rule 760-X-.17 was an unconstitutional usurpation of the legislature's authority to make law. Therefore, the appellant's conviction is reversed and a judgment rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.
[1] Section 32-2-9, Code of Alabama 1975, provides: "The director of public safety, with the approval of the governor, may establish and promulgate reasonable rules and regulations not in conflict with the laws of this state concerning operation of motor vehicles and concerning the enforcement of the provisions of this chapter."