The plaintiff appeals from a summary judgment for the defendants, Mack Yeargan, as administrator of the Alcoholic Beverage Control Board ("ABC Board"), and Larry West, administrator of the estate of Teena West, in this declaratory judgment action challenging an ABC Board regulation.
Viewing the evidence in a light most favorable to the nonmoving parties, we find the following: Teena West was struck and killed by an automobile driven by Toni Cooley Stone. Stone was intoxicated at the time of the accident. Stone had been drinking alcohol and was intoxicated when, before the accident that killed Teena West, she entered the Sav-More Store to purchase more alcohol. The Sav-More Store is owned by the plaintiff, Krupp Oil Company ("Krupp").
Larry West sued Krupp in a wrongful death action in Tuscaloosa County, pursuant to § 6-5-71, Ala. Code 1975, claiming that Krupp was violating ABC Board Regulation 20-x-6-.15(2) when it sold alcohol to Stone, an intoxicated person.
Krupp then filed a declaratory judgment action in Montgomery County against Yeargan, as the ABC Board administrator, and Larry West, alleging that Regulation 20-x-6-.15(2) was unconstitutional. The declaratory judgment action was transferred to the Tuscaloosa Circuit Court, which already had the wrongful death action. The trial court entered a summary judgment in favor of Yeargan and West on the declaratory judgment action. The wrongful death action is pending the outcome of this declaratory judgment action.
Regulation 20-x-6-.15(2) provides:
"No off premise licensee, employee, or agent may sell any alcoholic beverage to any person if such person is acting in such a manner as to appear to be intoxicated."
Krupp argues that the adoption of this ABC Board regulation was an illegal attempt to usurp the legislative power of the State and that only the legislature can make illegal the conduct mentioned in the regulation. Second, Krupp argues that the adoption of the regulation violated the guarantees of procedural due process, because, it says, proper notice was not given to those who would be affected by the regulation. Third, Krupp argues that the regulation is, on its face, overbroad, vague, and ambiguous. Fourth, Krupp argues that the regulation unlawfully discriminates between licensees and state-owned stores operated by the ABC Board.
The first issue is whether the ABC Board's adoption of the regulation infringed upon the authority of the legislature. Krupp contends that § 6-5-71, known as the Dram Shop Act, creates a civil remedy against persons who, contrary to law, cause the intoxication of another by providing the other person with alcoholic beverages. Krupp argues that the legislative purpose behind the Dram Shop Act was to punish the owners of bars or taverns who serve alcohol for consumption on their premises to people who are already intoxicated. See McIsaac v.Monte Carlo Club, Inc., 587 So.2d 320 (Ala. 1991). Krupp contends that 20-x-6-.15(2) illegally extends potential liability to off-premises licensees, i.e., those who sell alcohol for consumption off their premises.
The doctrine of separation of powers does not prohibit the legislature from delegating power to execute and administer laws, so long as the delegation carries reasonably clear standards governing execution and administration. Folsom v.Wynn, 631 So.2d 890 (Ala. 1993) (holding that the proration statute was not an unconstitutional delegation of authority, but that the Governor had acted unconstitutionally when he imposed five percent proration on the judiciary without considering whether the remaining appropriations *Page 923 
were adequate for the judiciary to perform its constitutionally mandated duties).
The enactment of the Alcoholic Beverage Control Act was an exercise of the "police power of the state of Alabama for the protection of the public welfare, health, peace and morals of the people of the state." § 28-3-2. Section 28-3-2 further provides that the privilege to sell alcoholic beverages and to otherwise control their sale and distribution is within the control of the ABC Board.
When a court is construing a statute intended to protect the public welfare, "great latitude should be allowed to the legislature in determining the character of such laws, and how, when, and by whom, in their practical administration, they should be applied." Ex parte Lauderdale County, 565 So.2d 623,627 (Ala. 1990).
Krupp compares this case with Timmons v. City of Montgomery,641 So.2d 1263 (Ala.Cr.App. 1993), wherein the Court of Criminal Appeals held that the Vehicle Window Tinting Statute was unconstitutionally vague. In Timmons, the court first determined that the statute enacted by the legislature was unconstitutionally vague on its face. The statute prohibited window tinting to the extent that occupants in the vehicle could not be "easily recognized" by someone looking in the vehicle from the outside. The court held that the statute did not define exactly what conduct was prohibited, because the standard "easily recognized" was too subjective.
The Timmons court noted that a prior attorney general's advisory opinion had also found the statute to be void on the basis of vagueness. After the attorney general's opinion was released, but before the Court of Criminal Appeals issued its decision, the Department of Public Safety attempted to amend the statute. The Department of Public Safety adopted a rule that further defined "window tinting." The rule specifically set out percentages to which light could be transmitted through or reflected from a window and, thus, defined the criminal offense of window tinting. The court held that the rule was an improper attempt to circumvent the legislative process. "Only the legislature can make law and only the legislature has the authority to define what is law." 641 So.2d at 1266.
The Dram Shop Act, § 6-5-71, provides in pertinent part:
 "(a) Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving, or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages."
(Emphasis added.)
In § 28-3-43, the legislature gave the ABC Board the authority to "control the manufacture, possession, sale, consumption, importation, use and delivery of . . . alcohol." Section 28-3-49 gives the ABC Board the authority to "promulgate rules and regulations not inconsistent with this chapter for carrying out the provisions of this chapter."
Notably, former § 28-3-260 made it unlawful for any licensee, (on-premises or off-premises) to sell, furnish, or give alcoholic beverages to a visibly intoxicated person. In 1980, the legislature repealed § 28-3-260 when it adopted the Alcoholic Beverage Licensing Code, Act No. 80-529, Ala. Acts 1980. The new code contained no references to sales of alcohol to visibly intoxicated persons.
In 1982, the ABC Board promulgated Regulation 20-x-6-.02, which prohibits an on-premises licensee from dispensing alcohol to visibly intoxicated persons. It is clear that Regulation 20-x-6-.02 is limited in its application to on-premises licensees of the ABC Board.
In 1984, this Court issued Buchanan v. Merger Enterprises,Inc., 463 So.2d 121 (Ala. 1984), discussing Regulation 20-x-6-.02. The defendant nightclub in Buchanan continued to sell alcohol to a visibly intoxicated man. The man subsequently left the nightclub in his automobile and ran over the plaintiff. The incident occurred in 1981. In 1980, the legislature had repealed § 28-3-260, *Page 924 
which had prohibited dispensing alcohol to intoxicated persons. The ABC Board promulgated Regulation 20-x-6-.02 in 1982. The defendant argued that because the plaintiff's death had occurred after the repeal of § 28-3-260 and before the promulgation of Regulation 20-x-6-.02, there was no cause of action. The Court held that there was a common law action for negligently dispensing alcohol.
The Buchanan Court surmised that it was not the legislature's intention in repealing § 28-3-260 to legalize the sale of alcohol to visibly intoxicated persons. The Court noted that in the same legislative session, the legislature had enacted new drunk driving laws with increased penalties. The Court found that, given the legislature's concern for drunken driving, it was not likely that the legislature intended to allow bars to serve alcohol to visibly intoxicated persons. If the legislature had intended to do away with the cause of action created in the Dram Shop Act, "the legislature would have repealed the statute itself, not just its teeth." Buchanan, 463 So.2d at 124.
In Evans v. Sunshine-Jr. Stores, Inc., 587 So.2d 312
(Ala. 1991), the deceased was killed after being struck by a drunk driver. The driver had purchased a 12-pack of beer from the defendant store-owner approximately 45 minutes before the accident. The deceased's representative sued under the Dram Shop Act, claiming, among other things, that the store owner was liable under a common law negligence theory, as inBuchanan. The Court disagreed, holding that the hiatus exception created in Buchanan was limited to a negligence cause of action against an on-premises licensee during the gap from September 1980 to September 1982. The Court noted that ABC Board Regulation 20-x-6-.02, which prohibits an on-premises licensee from dispensing alcohol to visibly intoxicated persons, has "the full force and effect of law." 587 So.2d at 316. The Court stated, "If the ABC Board had intended to prohibit an off-premises licensee from dispensing alcohol to a visibly intoxicated person, it could have done so when it promulgated Regulation 20-x-6-.02." 587 So.2d at 317.
It is a fundamental concept of constitutional law that the legislature cannot delegate to another branch of government its authority to make law. However when it legislates in broad terms, the legislature is not prevented from leaving a certain degree of discretion to executive actors to administer and enforce the law. So long as the legislature has established reasonably clear standards for guiding the administrator in enforcing the will of the legislature, the delegation is not a violation of constitutional law.
The Alabama legislature has been clear in its policy regarding the scope of the ABC Board's authority to promulgate rules affecting the sale of alcoholic beverages within the State. Inherent in the legislature's intent to implement governmental supervision of alcohol sales is the public interest in preventing alcohol-related injuries and deaths. Specifically, the ABC Board is charged with the duty of "control[ing] the possession, sale, consumption, importation, use and delivery of liquor, alcohol and malt and brewed beverages." § 28-3-43(a)(2). It is also the ABC Board's duty to "supervise the conduct, management and operation of the sale and distribution within this state of all malt or brewed beverages." § 28-3-45(a).
The legislature, in the Dram Shop Act, has stated its intent to provide for a cause of action when injury or death results from the "selling, giving or otherwise disposing of" alcohol "contrary to . . . law." The ABC Board has been vested with the power to regulate the sale of alcoholic beverages. Regulation 20-x-6-.15(2) forbids off-premises licensees from selling alcohol to those already intoxicated and, therefore, merely administers the will of the legislature in vesting the ABC Board with the power to regulate the sale of alcohol. Additionally, this Court, in Buchanan and Evans, has recognized the ABC Board's authority to promulgate the regulation regarding on-premises licensees. Forbidding off-premises licensees from the same conduct as is prohibited to on-premises licensees does not usurp the power of the legislature to make law.
It is not always a usurpation of the legislative function for an administrative regulation to create liability. Many administrative *Page 925 
rules carry the potential for administrative action and civil liability. In Osborne Truck Lines, Inc. v. Langston,454 So.2d 1317, 1326 (Ala. 1984), an instruction that the jury could consider the Motor Carrier Safety Regulations in determining the defendant's liability would have been appropriate. InIndustrial Tile, Inc. v. Stewart, 388 So.2d 171 (Ala. 1980), OSHA standards were admissible regarding the standard of care to be followed by the defendant. Regulations by the Federal Trade Commission were admissible in a fraud case to establish the defendant's duty to disclose certain information.Rodopoulos v. Sam Piki Enterprises, Inc., 570 So.2d 661
(Ala. 1990).
We disagree with Krupp's contention that Timmons, supra, is dispositive of its Krupp's argument that Regulation 20-x-6-.15(2) is unconstitutional. Timmons is distinguishable, in that the Department of Public Safety's regulation dealt with in Timmons was promulgated to cure deficiencies in a statute that was unconstitutional because of vagueness. In this case, the regulation is a rule to administer an act of the legislature, not to save it from unconstitutionality.
Second, Krupp contends that the promulgation of Regulation 20-x-6-.15(2) denied procedural due process, because, it argues, actual notice should have been given to all affected licensees. We disagree.
Due process requires that notice and an opportunity to be heard be provided before one is deprived of life, liberty, or property. Cleveland Board of Education v. Loudermill,470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Alabama Administrative Procedure Act provides for minimal due process procedural requirements for all state agencies when those agencies are taking actions affecting the rights and duties of the public. § 41-22-2(a). Section 41-22-5 provides that notice of the intended action shall be placed in the Alabama Administrative Monthly and that a hearing should be held on the proposed action. Both of these requirements were met by the ABC Board before it adopted Regulation 20-x-6-.15(2).
Krupp contends that actual notice should be required because of the potential for civil liability. First, we note that a license to sell alcoholic beverages is not a property right; it is a privilege granted by the state. Ott v. Everett,420 So.2d 258, 261 (Ala. 1982). Second, the mere possibility of civil liability is not a deprivation that requires the ABC Board to give actual notice to all affected licensees. As stated earlier in this opinion, many administrative regulations may give rise to civil liability. Third, the regulation itself did not suspend or revoke Krupp's license to sell alcohol; it merely set out the conditions under which alcohol could be sold.
Krupp's third contention is that Regulation 20-X-6-.15(2) is overbroad, vague, and ambiguous. The regulation provides that alcohol cannot be sold "to any person if such person is acting in such a manner as to appear to be intoxicated." This Court has stated, "Statutes and regulations are void for overbreadth if their object is achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms."Ex parte Woodard, 631 So.2d 1065, 1067 (Ala. 1993).
It is common knowledge that the use of intoxicants can impair mental and/or physical faculties. A person of common intelligence would understand that someone "appearing to be intoxicated" could exhibit some or all of the following: the smell of alcohol on the breath; loud or boisterous behavior; slurred speech; glassy eyes; and unsteadiness. This list is not meant to be exhaustive, but it indicates the kind of evidence that supports certain elements of criminal charges involving intoxication. See Striplin v. City of Dothan, 607 So.2d 1280
(Ala.Cr.App. 1991), rev'd on other grounds sub nom. Ex parteCity of Dothan, 607 So.2d 1283 (Ala. 1992) (evidence held sufficient to support conviction of public intoxication where police officer observed that defendant was unsteady on her feet, that her speech was slurred, and that she was belligerent in her conduct toward the store attendant when asked to leave);Hargrove v. City of Rainbow City, 619 So.2d 944
(Ala.Cr.App. 1993) (police officer testified that he smelled alcohol on the defendant's breath, that the defendant's eyes were glassy, and that his speech was confused); Raper v. *Page 926 State, 584 So.2d 544 (Ala.Cr.App. 1991) (conviction of DUI supported by sufficient evidence where the defendant's eyes were glassy, his speech was slurred, and he had trouble determining where he was when asked by police officer who had known the defendant for 10 years).
Since 1909, with one brief exception, it has been the law of this State that one could not sell alcohol to visibly intoxicated persons. Buchanan. It is within the State's police power to protect the public health, and regulating the sale of alcohol is a matter of public health. Buchanan. We cannot hold that this regulation, prohibiting the sale of alcohol to those appearing to be intoxicated, is overly broad, particularly considering the need to keep drunk drivers off Alabama's highways.
Krupp's last contention is that the regulation unlawfully discriminates between licensees and state-owned ABC stores. This regulation, which treats licensees differently from the way ABC stores are treated, does not involve a suspect class or a fundamental right; therefore, the regulation need only have a rational basis to withstand an Equal Protection Clause challenge. The Equal Protection Clause does not deny the State the power to treat different classes of people in different ways. However, "[t]he classification must not be unrelated to the objective of the statute and 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' " Tyson v. Johns-Manville Sales Corp.,399 So.2d 263, 271-72 (Ala. 1981).
We note that a statute or regulation can survive the rational basis test if the unequal treatment is for the ease of regulation or enforcement. The ABC Board has its own internal rule forbidding employees of ABC Board stores from selling alcohol to intoxicated persons. The internal rule also provides for punishment of employees who violate this rule. Regulation 20-x-6-.15(2) was promulgated to control the sale of alcohol only by its licensees, because it is easy for the ABC Board to regulate and enforce rules regarding the sale of alcohol by its own employees. In contrast, the ABC Board must promulgate regulations applicable to its licensees in order to control the sale of alcohol by a licensee or its employees.
Based on the foregoing, we hold that ABC Board Regulation 20-x-6-.15(2) has not been shown to be unconstitutional.
AFFIRMED.
MADDOX, ALMON, SHORES, HOUSTON, INGRAM, COOK, and BUTTS, JJ., concur.