ROBERTSON, Presiding Judge.
Pursuant to the rules and regulations of the State Health Planning and Development Agency (“SHPDA”), Heritage Health Care Center, Inc. (“Heritage”), and Forest Manor, Inc. (“Forest Manor”), submitted competing applications seeking a certificate of need (“CON”) for 11 nursing home beds to be located in Tuscaloosa County. Each of the two applicants was given a staff report from SHPDA reviewing its application and setting out the standards governing the award of a CON. Each applicant was also notified of the public hearing before the Certificate of Need Review Board (“CONRB”), where the applications were to be considered, pursuant to Ala. Admin. Code r. 410-1-8-.01, a portion of SHPDA’s rules governing the certificate-of-need program (“CON Rules”).
After the public hearing, the CONRB issued an order on November 9, 1993, granting a CON to Heritage, pursuant to SHPDA Rule 410-1-8-.01, and denying Forest Manor’s application. On December 8, 1993, Forest Manor requested a fair hearing pursuant tó Ala.Code 1975, § 22-21-275(14), and SHPDA Rule 410-1-8-.16. The fair hearing was held on December 28, 1995; the hearing officer affirmed the CONRB decision on February 15, 1996.
Forest Manor appealed to the Montgomery County Circuit Court. After briefing and argument, the circuit court entered an order on March 24, 1997, finding that Forest Manor had not been afforded procedural due process. The circuit court’s order first noted that Forest Manor was provided with complete notice about the procedures for filing applications and about the hearing and review processes. However, the circuit court held that a hearing on the grant or denial of a CON was a “contested case” under the Alabama Administrative *19 Procedure Act (Ala.Code 1975, § 41-22-1 et seq.), and that Forest Manor had not received any notice regarding its right to request a contested-case hearing.
In pertinent part, the circuit court’s order states:
“The Court having considered the matter is of the opinion notice was not given Forest Manor regarding contested cases which constitutes a violation of procedural due process unless there was a valid waiver.”
The circuit court further concluded that Forest Manor could not have knowingly waived its right to a contested-case hearing and that it had been, therefore, deprived of due process.
The circuit court set the CON aside and remanded the case for a hearing pursuant to Ala.Code 1975, § 41-22-12, which provides for a hearing in contested cases under the Alabama Administrative Procedure Act (“AAPA”). Heritage and SHPDA appealed to this court, arguing that the circuit court erred in holding that Forest Manor had been deprived of procedural due process.
Generally, constitutional due process affords affected persons a right to a hearing before a state action may affect a constitutionally protected interest. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Krupp Oil Co. v. Yeargan, 665 So.2d 920 (Ala.1995). The undisputed evidence in the record before this court reveals that Forest Manor acknowledged that its representatives had read and understood all of the SHPDA rules governing its CON application. Further, the undisputed evidence is that SHPDA provided Forest Manor with the date, time, and place of the hearing in review of its application. Forest Manor also availed itself of an additional “fair hearing” afforded by Ala.Code 1975, § 22-21-275(4), and the CON rules promulgated by SHPDA. The basic requirements of due process are fully satisfied by the hearings provided to Forest Manor. Krupp, supra.
However, the AAPA imposes additional procedural requirements, including, specifically, a requirement that all parties in “contested cases” be afforded an opportunity for a hearing after reasonable written notice. Section 41-22-12(a) provides:
“In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice in writing delivered either by personal service as in civil actions or by certified mail, return receipt requested. However, an agency may provide by rule for the delivery of such notice by other means, including, where permitted by existing statute, delivery by first class mail, postage prepaid, to be effective upon the deposit of the notice in the mail. Delivery of the notice referred to in this subsection shall constitute commencement of the contested case proceeding.”
Section (b) of the statute provides the details of what the notice should include.
We agree with the circuit court that Forest Manor’s CON application is properly considered a “contested case.” Montgomery Rehabilitation Hospital v. State Health Planning Agency, 610 So.2d 403 (Ala.Civ.App.1992). However, we do not agree that Forest Manor was denied any rights it had under the AAPA. The record shows that Forest Manor was fully notified of the applicable rules and regulations affecting its CON application. Moreover, Forest Manor received two separate hearings, each of which satisfied the requirements suggested by a plain reading of § 41-22-12 and satisfied the lesser federal constitutional requirements of procedural due process. Krupp, supra.
The circuit court’s judgment holds that the failure of due process lies in the failure to adequately inform Forest Manor of its right to an additional “contested case” hearing involving judicial procedures and rules of evidence. However, we note that the record shows that Forest Manor was *20 an experienced CON applicant and that it had legal representation at all stages of its application. Under the circumstances of this case, we cannot conclude that Forest Manor was inadequately apprised of its right to pursue a contested-case hearing after it received the SHPDA and CONRB materials and after it had availed itself of two separate hearings. Due process law does not assume that Forest Manor was completely ignorant of the law governing its application.
“After careful review of the applicable law, we conclude that due process does not require [that] personal notice of the existence of a state law be given to every person who may qualify for some benefit under that law. See, Grueschow v. Harris, 633 F.2d 1264 (8th Cir.1980) (due process does not require that personal notice be given to all potentially eligible welfare recipients as to the creation of a new welfare program); Ornstein v. Regan, 604 F.2d 212 (2d Cir.1979) (where applicable rules had always been available at the board’s office, the application of a rule did not deny a claimant due process even where the rule barred his right to the benefits before he knew it existed).
“Furthermore, as a matter of public policy, all men are charged with knowledge of the law pertaining to their transactions, and persons who deal with state governmental agencies are presumed to know the legal powers of those agencies. State ex rel. Attorney General v. Tarleton, 279 Ala. 555, 188 So.2d 516 (1966).”
Turner v. State Employees’ Retirement Sys., 485 So.2d 765, 766 (Ala.Civ.App.1986).
Moreover, § 41-22-12(a) requires reasonable notice of contested-case hearings. This court has held that notice need not comply exactly with every technicality of § 41-22-12 in order to be “reasonable” and to satisfy due process requirements. Flowers v. Alabama ABC Bd., 627 So.2d 415 (Ala.Civ.App.1993). We conclude that Forest Manor received adequate notice of a hearing, notice that complied with the AAPA and due process requirements. Accordingly, the judgment of the circuit court is reversed, and the cause is remanded. On remand, the circuit court is ordered to reinstate the CON to Heritage as issued by the CONRB pending further review of the other arguments made by Forest Man- or in its appeal to the circuit court pursuant to Ala.Code 1975, § 22-21-275.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.