LYONS, Justice.
Forest Manor, Inc., appealed to the trial court from a decision by the State Health Planning and Development Agency (“SHPDA”) denying a certificate of need (“CON”) to Forest Manor for 11 new nursing-home beds and granting a CON to Heritage Health Care Center, Inc. (“Heritage”), for the 11 new beds. Forest Man- or contended that SHPDA had violated the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975 (“AAPA”); specifically, Forest Manor contended that the hearing regarding the nursing-home project constituted a “contested case” as defined by the AAPA and contended that SHPDA had not complied with the AAPA’s notice provisions for contested cases, which it argued were mandatory. The trial court entered a judgment *22 in favor of Forest Manor, concluding that SHPDA had not complied with the AAPA’s notice provisions, and it set aside the CON granted to Heritage. SHPDA and Heritage appealed to the Court of Civil Appeals. That court reversed the judgment of the trial court, concluding that Forest Manor had received adequate and reasonable notice, even though SHPDA had not complied with every technicality contained in the AAPA. State Health Planning & Development Agency v. Forest Manor, Inc., 739 So.2d 17 (Ala.Civ.App.1998). We granted Forest Manor’s petition for certio-rari review. We reverse and remand.
SHPDA is authorized by § 22-21-265, Ala. Code 1975, to issue CONs for new institutional health services. Pursuant to its rule-making powers, SHPDA has promulgated rules governing the issuance of CONs. Forest Manor and Heritage each applied to SHPDA for a CON authorizing the addition of 11 nursing-home beds to be located in Tuscaloosa County. The CON Review Board (“CONRB”) conducted a public hearing on the competing applications, but did so without providing any opportunity to cross-examine witnesses or to present rebuttal evidence or argument, and during that hearing legal counsel for Forest Manor was not present. After the hearing, the CONRB awarded the beds to Heritage. Forest Manor argues that the CONRB decision was erroneous, citing SHPDA’s failure to comply with applicable provisions of the AAPA, specifically § 41-22-12, which governs notice in “contested cases.”
Section 41-22-2(a) expresses the legislature’s purpose and intent, when it adopted the AAPA, to establish “a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public.” Section 41-22-12(a) provides that in a contested case, “all parties shall be afforded an opportunity for hearing after reasonable notice in writing.” Section 41-22-12(b) states that the notice “shall” include a “statement of the time, place, and nature of the hearing,” § 41-22-12(b)(l); a “statement of the legal authority and jurisdiction under which the hearing is to be held,” § 41 — 22—12(b)(2); a “reference to the particular sections of the statutes and rules involved,” § 41-22-12(b)(3); and a “short and plain statement of the matters asserted,” § 41-22-12(b)(4). Section 41-22-12(e) ensures that all parties “shall be afforded” the opportunity to “respond and present evidence and argument on all material issues involved and to be represented by counsel at their own expense.”
A “contested case” is a proceeding “in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing.” § 41-22-3(3). The trial court and the Court of Civil Appeals concluded that a hearing on whether to grant or to deny a CON is a “contested case.” We agree, and we adopt the dictum to that effect in Montgomery Rehabilitation Hospital, Inc. v. State Health Planning Agency, 610 So.2d 403, 407 (Ala.Civ.App.1992).
We now come to the heart of the matter' — the extent to which SHPDA complied with subsections (b) and (e) of § 41-22-12. Forest Manor contends that SHPDA complied only partially with the notice requirements contained in § 41-22-12(b)(1). Forest Manor argues that full compliance with the notice provisions is mandatory, and that SHPDA’s failure to comply in this case deprived Forest Manor of due process. SHPDA states that it notified the parties of the time, date, and location at which the CONRB would consider their respective applications. SHPDA also states that it furnished to Forest Manor a staff committee report summarizing its application and outlining the statutory requirements under which the application would be evaluated. SHPDA also refers us to the CON rules, under which a party has the right to invoke contested-case status and thereby become entitled to the formalities that would accompany satisfaction of the require *23 ments of § 41-22-12(e) — the opportunity to all parties to respond, to present evidence and argument on all material issues, and to be represented by counsel. SHPDA then notes that this rule has been in effect for several years and that Forest Manor, as a sophisticated health-care applicant, should have known of the availability of this procedure and, in fact, had certified that it had read the applicable rules. SHPDA cannot point to a document in the record before us, however, that was issued in connection with these applications that satisfies the requirements of § 41-22-12(b) and (e). Specifically lacking is a notice issued for purposes of these applications that deals with the rules applicable to contested cases.
In Flowers v. Alabama Alcoholic Beverage Control Board, 627 So.2d 415 (Ala.Civ.App.1993), the Court of Civil Appeals considered the issue of the adequacy of an agency’s compliance with § 41-22-12(b) in a case in which the applicant for renewal of a liquor license complained that the agency’s compliance with § 41-22-12(b) was too general. When the applicant complained of a lack of specificity, the agency provided her with its entire file. The Court of Civil Appeals specifically found that the agency had complied with the requirements regarding the statement of the time, the place, and the nature of the hearing, as well as a statement of the matters asserted. The Court of Civil Appeals relied upon Flowers when it held in this case that Forest Manor had received “adequate notice of a hearing, notice that complied with the AAPA and due process requirements.” 739 So.2d at 20. Floiuers stands for the rule that an agency’s reasonable conduct in making information available can support a conclusion that the statutory requirements of notice have been fulfilled. But, in Flowers, no party argued that it had been prejudiced by the absence of the notice, required by § 41 — 22—12(b)(3), regarding the specific rules governing the proceedings. Moreover, in Flowers, the agency’s conduct that was found sufficient was specific to the application at hand.
SHPDA and Heritage ask us to extend Flowers so as to treat SHPDA’s supplying generic information to all participants in the administrative process as compliance with the provisions of § 41-22-12. We decline to do so. Section 41-22-12(b) provides that all parties in a contested case “shall” be afforded an opportunity for a hearing and provides that the notice regarding the hearing “shall” include four specific types of information. This Court has often cited this principle:
‘"Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687, 689 (Ala.1991) (citations omitted). Furthermore, we must construe the AAPA broadly to effectuate its purpose of “increasing] the fairness of agencies in their conduct of contested case proceedings.” § 41 — 22—2(b)(6). “The word ‘shall’ is clear and unambiguous and is imperative and mandatory.” Ex parte Prudential Ins. Co. of America, 721 So.2d 1135 (Ala. 1998). The use of the word “shall” indicates that SHPDA has no discretion about what a notice regarding a contested case must contain. That notice must contain all of the information mandated by the statute, not merely the time, place, and nature of the hearing.
In Ex parte Traylor Nursing Home, Inc., 543 So.2d 1179 (Ala.1988), this Court addressed a provision in the AAPA regarding compliance with the procedures necessary to adopt an amendment to a rule. As SHPDA does in this case, the Alabama Statewide Health Coordinating Council argued in Traylor that it had sub *24 stantially complied with the AAPA because, it said, it had followed federal rules that were similar, but not identical, to the AAPA’s requirements. Like Forest Man- or in this case, Traylor Nursing Home did not claim that it had not had some notice about the hearing, but it argued that the Council had disregarded Alabama law regarding the procedures necessary to adopt the amendment. We rejected the “substantial compliance” argument in Traylor, stating that the Council did not “have the option of choosing the rules applicable to it” and concluding that the Council had not substantially complied with the AAPA. 543 So.2d at 1187.
We are unwilling to find “substantial compliance” with the requirements of § 41-22-12 when the evidence regarding the “notice” given to Forest Manor consists of a combination of knowledge attributed to a sophisticated participant in the regulatory process and published rules generally applicable to all cases. To find, from the record in this case, that SHPDA had satisfied the requirement that it specify applicable rules and statutes in the context of matters germane to contested cases, such as this case — notice of the opportunity to all parties to respond, to present evidence and argument on all material issues, and to be represented by counsel— one would have to rely on the availability of rules generally applicable to all cases. SHPDA, in fact, gave specific information applicable to this ease on a variety of matters such as schedules, deadlines, and the impropriety of ex parte contacts. However, the matters pertinent to contested cases, such as the necessity for a written request and the governing deadlines, were not the subject of any communications issued to the parties during the processing of these CON applications. Because we find nothing in § 41-22-12 that authorizes the relaxation of its requirements under circumstances involving a sophisticated participant coupled with rules generally available, we conclude that the Court of Civil Appeals erred in holding that SHPDA did not violate Forest Man- or’s due-process rights in this case. The trial court’s judgment setting aside the CON awarded to Heritage is due to be reinstated.
We reverse the judgment of the Court of Civil Appeals and remand the cause for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, and SEE, JJ., concur.
COOK, J., concurs in the result.